504 So.2d 473 (1987)
Mark S. AMISON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2811.
District Court of Appeal of Florida, Second District.
March 18, 1987.
James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant appeals from the trial court's order requiring him to pay $1,500 restitution and from the costs assessed against him.
Appellant was tried by jury and convicted of second degree murder. The court entered judgment and pursuant to section 775.089, Florida Statutes (1985), ordered appellant to pay $1,500 restitution to the victim's next-of-kin for the losses the victim sustained as a result of appellant's offense.
At sentencing defense counsel objected to the order of restitution. On appeal appellant again challenges the imposition *474 of restitution on two grounds. He first contends that $1,000 of that amount had already been reimbursed by the insurance company and therefore $500 unreimbursed expenses is the correct balance of loss sustained. We conclude that the $1,500 of restitution imposed is correct because it is well settled that the insurance company is subrogated to the rights of the victim.
Secondly, appellant argues that the court erred in imposing restitution without prior determination as to appellant's ability to pay and consideration of other enumerated criteria, as required by section 775.089(6). Dolan v. State, 468 So.2d 442 (Fla. 2d DCA 1985). We agree and reverse and remand for proper hearing to determine appellant's ability to pay.
Appellant also raises several challenges to the imposition of costs. He first argues that the crime for which he was convicted occurred prior to July 1, 1985, and therefore the $200 imposed against him pursuant to section 27.3455, Florida Statutes (1985), is an ex post facto violation. See Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986); Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). Since appellant failed to raise this objection in the trial court, we decline to rule on this issue now. However, our holding is without prejudice to appellant raising this challenge pursuant to Florida Rule of Criminal Procedure 3.850. Parker v. State, 500 So.2d 721 (Fla. 2d DCA 1987); Treadway v. State, 500 So.2d 308 (Fla. 2d DCA 1986).
Next, appellant correctly alleges error in imposition of costs pursuant to section 27.3455(1) without prior determination of ability to pay. Skinner v. State, 498 So.2d 618 (Fla. 1st DCA 1986). Accordingly, we strike the $200 costs without prejudice to the state filing a new motion.
We also agree with appellant's final contention that the court erred in assessing costs and fees against him pursuant to sections 960.20, 943.25(4) and (8), Florida Statutes (1985), without prior notice and opportunity to be heard. Jenkins v. State, 444 So.2d 947 (Fla. 1984); Treadway. We strike the assessment of costs without prejudice to the state filing a proper motion.
Reverse and remand with instructions consistent with this opinion.
DANAHY, C.J., SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.