PARKER, Judge.
At Jarawdi’s sentencing hearing following his convictions for grand theft and failure to appear, the trial court imposed restitution to the victim in the amount of $94,- *262 000.- Jarawdi appeals from the order of restitution. We reverse.
Jarawdi first argues that the trial court erred in ordering restitution to the victim when the victim had recovered from an insurance company damages resulting from Jarawdi’s conduct. We disagree. See Amison v. State, 504 So.2d 473 (Fla. 2d DCA 1987) (the insurance company is sub-rogated to the rights of the victim and restitution can be ordered for the full amount of loss irrespective of reimbursement to the victim).
However, Jarawdi correctly asserts that the trial court erred in failing to consider his ability to pay the restitution amount, as required by section 775.089(6), Florida Statutes (1987). We agree and remand for a proper hearing to determine Jarawdi’s ability to pay. Amison; Pettway v. State, 502 So.2d 1366 (Fla. 2d DCA 1987).
Reversed and remanded for proceedings consistent with this opinion.
LEHAN, A.C.J., and THREADGILL, J., concur.