WIGGINTON, Judge.
Appellants, defendants below, appeal from the trial court’s order of full restitution to the victim of a burglary and theft. The issue raised is whether the trial court erred in refusing to set off the amount of *468 restitution ordered by the value of the property returned and erred in ordering full restitution to the owner when the owner had been reimbursed by its insurance company. We affirm in part and reverse in part.
Appellants pled nolo contendere to charges in two counts of burglary and in two counts of grand theft involving the theft of computer hardware and software, some cash, and other items from a computer business, Education Computers Etc. (ECE) and another computer retail store. Pertinent to the issues raised in this appeal, ECE’s insurer paid a claim of $2,484, exclusive of ECE’s $250 deductible.
The trial court disagreed with appellants’ argument that ECE’s actual loss was limited to the $250 deductible and ordered restitution be made to ECE in the amount of $2,730 (the amount paid by the insurance company plus the deductible). Appellants asserted a right to have that amount offset by the value of certain property returned and in the possession of the insurance company and argued that because it had been reimbursed by the insurance company, ECE had not in fact suffered a loss that size. The trial court denied setoff on the theory that insurance compensation is a collateral source for the benefit of the insured, not appellants.
We hold that the trial court was correct in ordering restitution beyond the deductible, despite the fact that ECE had been reimbursed by its insurance company, “because it is well settled that the insurance company is subrogated to the rights of the victim.” Amison v. State, 504 So.2d 473, 474 (Fla. 2d DCA 1987). However, although the testimony of ECE’s owner was ambiguous on this point, it was revealed in closing arguments by appellants’ attorney that some of the property was apparently returned and is in the possession of the insurance company. In that regard, section 39.11(l)(f), Florida Statutes (1987), provides only that the child make restitution “for the damage or loss caused by his offense ...” (emphasis added). See K.M.C. v. State, 485 So.2d 1296 (Fla. 1st DCA 1986). Implicit in that statutory language is the recognition of setoff to the extent that the victim has been made whole and suffers no loss.
In the instant case, if ECE has the insurance proceeds and the insurance company has the property, it would appear that there was no loss caused to the extent of the salvage value of the property in the insurance company’s possession. Consequently, we must reverse that portion of the trial court’s order setting the amount of restitution and remand the cause to the court to determine whether and to what extent appellants are being required to make restitution to ECE for property which was ultimately returned, and to reduce restitution accordingly. See Jones v. State, 480 So.2d 163 (Fla. 1st DCA 1985).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ERVIN and THOMPSON, JJ., concur.