ALTENBERND, Judge.
Appellant pleaded nolo contendere to the charge of arson in exchange for a guidelines sentence, which was to include probation. At sentencing and without objection, the trial court included restitution to the victims as a condition of probation. The amount of restitution was to be determined at a later hearing. After appellant filed his notice of appeal and without a hearing, the trial court entered an order which set the amount of restitution. Appellant contends this was error, citing section 775.089(6), Florida Statutes (1987); Amison v. State, 504 So.2d 473 (Fla. 2d DCA 1987) (trial court erred in imposing restitution without prior determination as to appellant’s ability to pay and consideration of other criteria of section 775.089(6)); Loeb v. State, 387 So.2d 433 (Fla. 3d DCA 1980) (trial court may not modify an order while that order is being appealed); and State v. Diets, 517 So.2d 788 (Fla. 2d DCA), aff'd on other grounds, 532 So.2d 1271 (Fla.1988) (failure to object to order requiring appellant to pay restitution did not preclude appellate review where trial court did not determine the amount of restitution; cause remanded for hearing to make that determination). The state concedes error.
Accordingly, we reverse that part of appellant’s probation order regarding restitution, and remand for a hearing in accordance with section 775.089(6).
Reversed in part and remanded for proceedings consistent herewith.
RYDER, A.C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.