PETERSON, Judge.
L.S., a twelve-year-old, pled no contest to grand theft auto. A restitution hearing was held at which a different judge presided. The state proceeded with its case in the absence of any witness to prove its case. The state’s presentation to the court included a letter from the president of the victim corporation, a repair bill, and hearsay by the prosecutor regarding statements made by the victim’s president at the previous plea hearing.
Defense counsel objected to the repair bill as inadmissible hearsay, as well as the prosecutor’s oral statement of the evidence previously submitted at the sentencing hearing. The court then announced that it would rule based upon what was previously furnished at the plea hearing and awarded $1,000 to the victim and $1,791.86 to the victim’s insurance company. Defense counsel further questioned whether it was proper to award restitution to an insurance company but stated there was no objection to the $1,000 awarded to the victim.
Aside from the problem that incorrect information[1] was supplied by the state to the judge at the restitution hearing, a successor judge may not enter an order or judgment based upon evidence heard by the predecessor. Beattie v. Beattie, 536 So.2d 1078 (Fla. 4th DCA 1988).
Section 775.089, Florida Statutes, 1989, is the general statute that requires restitution to victims. Its provisions are mandatory and places the onus upon the court to order the defendant to repay the victim for crimes. § 775.089(l)(a). If a court does not order restitution, section 775.089(l)(b) requires a court to state on the record in detail the reasons for noncompliance with the statute. A recent news article quoted the auditor general’s report that some Florida judges are not complying with the legislature’s directive. Florida Bar News, Vol. 18, No. 24, p. 15, Dec. 15, 1991. However, the onus of the legislative mandate is shared by the state since it has the burden of demonstrating the amount of the loss sustained by the victim as a result of an offense. § 775.089(7). The most that the court can do is to schedule time for a hearing and rule impartially on the evidence presented. In the instant case, while the trial court may have erred in entering both restitution orders on the evidence presented, it was correctly executing the legislative mandate to enter orders of restitution. The state failed to carry out its responsibility either to have the witnesses present to testify or to seek a continuance to a time when the witnesses could be present. While the argument that the insurance company is not entitled to restitution is meritless, the failure to present admissible evidence requires that the order requiring restitution of $1,791.86 for the benefit of United States Fire Insurance Company be quashed. The thought that a perpetrator should escape paying for his act simply because he chose a victim with insurance is without logic. An insurance company is subrogated to the rights of a victim. Amison v. State, 504 So.2d 473 (Fla. 2d DCA 1987); see M.E.I. v. State, 525 So.2d 467 (Fla. 1st DCA 1988); Jarawdi v. State, 521 So.2d 261 (Fla. 2d DCA 1988).
*298 We affirm the restitution order of $1,000 for the benefit of Sunskins, Inc., since defense counsel stated to the court that he did not have a problem with the $1,000 restitution to the corporate victim, but we quash the order of restitution of $1,791.86 to the insurance company to which the defense objected.
AFFIRMED in part.
GOSHORN, C.J., and DIAMANTIS, J., concur.

. A comparison of the transcript of the sentencing hearing and the restatement of that evidence by the state at the restitution hearing easily reveals the inconsistencies. For example, the president of the victim testified at the sentencing hearing that he did not have the final bill but that damages were around $1,581 for mechanical repairs and $600 to $800 for body repairs. The state represented that:
Mr. Davidson, the representative of [the victim], was present on the 27th, had provided both the State and the Court with copies of the repair bill to his vehicle, and went over the damage at that time.
... He essentially described the condition of the vehicle prior to its being stolen, and the damage that occurred and the repair bills. He went through each individual item, and I believe, he indicated what damage was actually done to the vehicle. The repair bill is a fairly detailed one. It was a total of $2,741.86.