PARKER, Judge.
The State of Florida appeals the trial court’s order denying restitution for the insurer of a crime victim following a restitution hearing. We reverse.
At the restitution hearing, following Curt Williams’ guilty plea to burglary and grand theft, the state sought restitution in the amount of $250, the insurance deductible, to the burglarized victim, and $1,921.50 to the insurance company that covered the loss. The court ordered $250 in restitution to the burglarized victim, plus $255 court costs, but refused to award restitution to the insurance company. We conclude that the trial court abused its discretion in denying restitution to the insurance company.
Section 924.07(l)(k), Florida Statutes (1995), explicitly authorizes the state to appeal an order denying restitution. Although Williams argues that the state failed *1234 to preserve the error because the prosecutor did not make a contemporaneous objection at the restitution hearing, it is clear from the record that the trial court refused to permit the state to argue this restitution issue. “A lawyer is not required to pursue a completely useless course when the judge has announced in advance that it will be fruitless.” Brown v. State, 206 So.2d 377, 384 (Fla.1968), citing, Birge v. State, 92 So.2d 819 (Fla.1957). See also Thomas v. State, 419 So.2d 634 (Fla.1982) (Counsel’s failure to move for mistrial in the face of error will not preclude appellate review when the trial judge indicates that such motion will be futile).
Florida’s restitution statute requires the trial court to consider the amount of the loss sustained by any victim. § 775.089(6)(a), Fla. Stat. (1995). Additionally, the statute contemplates that a crime victim have available both restitution and a civil remedy. § 775.089(8), Fla. Stat. (1995). The Third District Court recently held that a trial court abused its discretion when it struck a restitution condition because a corporate victim was contemplating a civil suit against the defendant. See State v. Hitchmon, 678 So.2d 460, 462 (Fla. 3d DCA 1996).
In this case, the state correctly identified the insurance company as a crime victim entitled to the benefits of the restitution statutes. See L.S. v. State, 593 So.2d 296 (Fla. 5th DCA 1992). See also Amison v. State, 504 So.2d 473 (Fla. 2d DCA 1987) (Insurance company is subrogated to the rights of the victim). Like the trial court in Hitchmon, the record reflects that the trial court in the instant case denied a crime victim a full and fair hearing on the amount of restitution because the victim had the option of pursuing a civil remedy. Therefore, under Hitchmon, the court abused its discretion in not permitting the state to seek restitution for the insurance company.
Reversed and remanded for an evidentiary hearing on restitution.
CAMPBELL, A.C.J., and FRANK, J., concur.