698 So.2d 615 (1997)
Robert M. BOWMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00225.
District Court of Appeal of Florida, Second District.
August 27, 1997.
James Marion Moorman, Public Defender, Bartow, and Megan Olson, Assistant Public Defender, Clearwater, for Appellant.
*616 Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Robert M. Bowman challenges the amount of restitution he was ordered to pay as a result of his theft of a 1991 Honda all-terrain vehicle (ATV). Because the State failed to carry its burden of presenting all relevant evidence to demonstrate the amount of the loss, we reverse and remand for further proceedings.
At the restitution hearing, an Allstate claims adjuster testified that Allstate paid $2,942.20 to its insured, James Elliott, for the theft of his ATV. This figure was Allstate's estimated cash value of the ATV at the time of the taking, minus a $100 deductible. Allstate sought to recover the total amount paid for the claim from the defendant as restitution. The State presented no other witnesses.
The defendant testified that the sheriff's office recovered the ATV when the defendant was arrested. The State did not rebut this testimony. Although it cannot be determined with certainty from this record, we assume, and the parties argue in their briefs, that the ATV was returned to the victim, James Elliott. Where stolen property is recovered, the amount of restitution ordered must be offset by the salvage value of the property returned. See M.E.I. v. State, 525 So.2d 467, 468 (Fla. 1st DCA 1988). The State failed to present any evidence regarding the condition of the ATV when it was recovered and whether it had any salvage value which should have been deducted from the amount Allstate paid to Elliot.
The defendant argues that the state failed to carry its burden of proving the amount of loss caused by the theft. We agree. A defendant may not be ordered to pay restitution in excess of the damages caused by his criminal conduct. See Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991). The purpose of restitution is to make the victim whole, not to make him better off than before the theft. See Branker v. State, 650 So.2d 195 (Fla. 4th DCA 1995). Allstate was awarded restitution only by virtue of being subrogated to the rights of the real victim, James Elliott. See Amison v. State, 504 So.2d 473 (Fla. 2d DCA 1987). Therefore, Allstate's restitution claim is limited to the amount of Elliott's loss. In this case, it appears that Elliott received both the insurance proceeds as well as the recovered ATV. If the recovered ATV has any value, Elliott is now better off than before the theft. The Allstate claims adjuster testified that, when stolen property is recovered, the insured has the option to give either the property or the insurance proceeds to Allstate. The financial impact on Allstate as a result of its apparent failure to recover from its insured either the ATV, the return of the insurance proceeds or the value of the recovered ATV is not an element of loss caused by any action of the defendant. We realize that it is possible that the recovered ATV had no salvage value. However, since the ATV was recovered, it was incumbent on the State to present evidence as to its value after it was recovered. Without this evidence, the trial court was unable to properly carry out its duty to order restitution for the amount of the loss.
The State attempts to shift the burden of proof to the defendant by arguing that, if the defendant wanted the trial court to take salvage value into consideration, he should have presented evidence as to that value. However, "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney," not the defendant. § 775.089(7), Fla. Stat. (1995).
Accordingly, we reverse the order of restitution and remand for further proceedings in accordance with the requirements of section 775.089 and this opinion.
Reversed and remanded.
PARKER, C.J., and NORTHCUTT, J., concur.