712 So.2d 811 (1998)
Demetrious CYRUS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1060.
District Court of Appeal of Florida, Fourth District.
July 1, 1998.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our previously issued opinion and substitute the following in its place.
*812 The appellant appeals that portion of his sentence for grand theft, in violation of sections 812.014(1) and 812.014(2)(c), Florida Statutes (1995), ordering him to pay restitution. Finding no abuse of discretion in the restitution order, we affirm.
Section 775.089, Florida Statutes (1995), authorizes a trial court to order a defendant to make restitution for damage or loss caused by the defendant's offense. Section 775.089(7) provides that "[t]he burden of demonstrating the loss sustained by the victim as a result of the offense is on the state attorney." Furthermore, "[t]he state is obliged to establish the amount of restitution only by the greater weight of the evidence, rather than to the exclusion of all reasonable doubt." J.O.S. v. State, 668 So.2d 1082, 1085 (Fla. 1st DCA 1996), approved, 689 So.2d 1061 (Fla.1997). In the present case, the state satisfied its burden through the testimony of the State Farm claims adjuster who was responsible for processing the insurance claim at issue. The appellant asserted that the claim amount was inflated and that there had been little to no damage to the stolen car.
The appellant urges that the trial court erroneously accepted the claims adjuster's testimony as to the insurance company's loss in place of the victim's testimony as to his own loss. It is well settled that an insurance company is subrogated to the rights of the victim/insured. See L.S. v. State, 593 So.2d 296, 297 (Fla. 5th DCA 1992); Longo v. State, 580 So.2d 212, 215 (Fla. 4th DCA 1991). In the present case, the state presented the testimony of the claims adjuster who had been primarily responsible for the victim's claim and therefore had personal knowledge of the claim and its payment. Because the insurance company, who paid the claim, is subrogated to the rights of the victim and victims may testify to the value of their loss, see Anderson v. State, 649 So.2d 890, 890 (Fla. 2d DCA 1995), we see no reason why the claims adjuster's testimony was not sufficient to satisfy the state's burden of proving the amount by a preponderance of the evidence. The state met its burden in the present case, especially in light of the fact that the appellant failed to present any testimony as to an alternative amount of restitution.
The appellant relies on Bowman v. State, 698 So.2d 615, 616 (Fla. 2d DCA 1997), but we find that case distinguishable from the case at bar. In Bowman, the issue involved the offset of salvage value from the value of the property returned to the victim. The second district reversed the restitution order, holding that where stolen property is recovered, the restitution order must offset the salvage value of the property recovered. See id. The victim/insured in Bowman had recovered both his stolen car, which was discovered by the police when they arrested the defendant, and his insurance claim amount from his insurer. Where the vehicle was recovered, the second district required the insurance company claims adjuster, who testified at the restitution hearing, to offset the amount of the car's salvage value from the amount of restitution sought. See id.
The present case is clearly distinguishable from Bowman. In the case at bar, the victim did not recover both the stolen property and the insurance proceeds. While in Bowman the inequitable possibility of a double recovery by the insured existed, in the present case it does not. "The purpose of restitution is to make the victim whole, not to make him better off than before the theft." Id. Here, the victim/insured lost part of the value of his car when it was stolen and damaged, the insurer paid for the repairs, and the victim/insured received back exactly what he had owned before the theft. Accordingly, we affirm the restitution order in its entirety.
Affirmed.
GLICKSTEIN, DELL and WARNER, JJ., concur.