**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Edwin A. WOODWARD, Respondent.**

**No. 99SC568.**

Supreme Court of Colorado,
En Banc.

Oct. 23, 2000.

Ken Salazar, Attorney General, Peter J. Cannici, Assistant Attorney General, Appellate Division, Denver, Colorado, Attorneys for Petitioner.

Forrest W. Lewis, P.C., Forrest W. Lewis, Denver, Colorado, Attorney for Respondent.

Chief Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari to review the court of appeals' opinion in *People v. Woodward,* 989 P.2d 188 (Colo.App.1999). Edwin Woodward originally was tried and found guilty of embezzlement in 1983. In 1991 the trial court resentenced Woodward, basing its order on an amended restitution statute that was not in effect at the time of the commission of the crime. Woodward appealed the order to the court of appeals, which found that the trial court's application of the amended statute violated the Ex Post Facto Clause of the Colorado Constitution. The People now argue that the court of appeals erroneously concluded that the trial court's application of the amended restitution statute constituted an ex post facto violation. The People further challenge the court of appeals' analysis regarding whether restitution is punishment for ex post facto purposes.

We hold that the court of appeals erred in finding that the restitution order in this case violated the Ex Post Facto Clause; and, for this reason, we do not address the second issue. Therefore, we reverse the judgment

of the court of appeals and remand the case for proceedings consistent with this opinion.

### I.

In 1983, Edwin Woodward was found guilty under section 18–4–401, 8 C.R.S. (1973), of felony theft for embezzling approximately $170,000 from his employer, Snowmass Coal Company (Snowmass). The trial court initially sentenced Woodward to twelve years probation and ordered him to pay the full $170,945 in restitution to Snowmass.

In March of 1989, Woodward's probation was revoked and the trial court sentenced him to twelve years in prison for falling behind in his restitution payments. Woodward appealed the judgment to the court of appeals, arguing that the trial court had never adequately determined his ability to pay the ordered amount. On remand in May of 1991, the trial court resentenced Woodward to sixteen years probation and ordered him to pay the remaining balance of approximately $145,000.

By 1995, Woodward again had fallen behind in his payments. In response, the prosecution filed a probation revocation complaint. Woodward filed a motion to correct an illegal sentence, arguing that the 1991 sentence was invalid under the Ex Post Facto Clause of article II, section 11 of the Colorado Constitution. Specifically, he alleged that the trial court erred in retroactively applying an amended version of the appropriate restitution statute in determining his sentence. He argued that because of this, the court impermissibly increased his liability by $150,000. Woodward maintained that since the law in effect at the time of the 1982 embezzlement only allowed· courts to order restitution payments made to direct victims, and since the purpose of restitution is to make a victim whole, the amount the trial court ordered him to pay Snowmass was illegal because it required him to repay Snowmass amounts already reimbursed by its insurers.[1]

The trial court disagreed and in 1997 resentenced Woodward to an additional sixteen year probationary term. In addition, the trial court ordered Woodward to pay the remaining $115,000 to the court registry, which would forward the payment to the insurance companies that had reimbursed Snowmass for its loss. This order formed the basis for this appeal.

On appeal, Woodward claimed that the trial court's order violated the Ex Post Facto Clause of the Colorado Constitution, again arguing that the trial court's retroactive application of the amended restitution statute impermissibly increased his liability from $23,000 to $170,000.

The court of appeals agreed and held that the trial court's order was an ex post facto violation. See Woodward, 989 P.2d at 191. The court determined that the restitution statute in effect at the time of Woodward's theft, see section 16–11–204.5, 8 C.R.S. (1973 & Supp.1981), authorized payment only to the direct victim of the crime. See Woodward, 989 P.2d at 189–90. Therefore, it concluded that the trial court could order restitution payments made to Snowmass, but not to Snowmass's insurers. See id. at 191. In addition, the court noted that the statutory language provided that a victim could receive only an amount of restitution equal to the actual, pecuniary damages suffered by the victim. Id. at 190. The court of appeals reasoned from this that since Snowmass had been reimbursed by its insurers for $147,000 of the loss, its actual loss was only $23,000 and thus the trial court's restitution order regarding the $170,000 was illegal. See id. at 191. The court of appeals concluded that the trial court's application of the amended restitution statute in ordering Woodward to reimburse Snowmass's insurers was an impermissible increase in punishment for ex post facto purposes because it increased his liability by approximately $150,000. See id. at 192.

We granted certiorari to consider whether the application of an amended restitution statute that redirected Woodward's liability constituted an ex post facto violation, and whether restitution is a compensatory measure that is considered "punishment" for ex

---

1. Snowmass had been reimbursed by two insurance companies, Aetna Casualty & Surety and Hartford Insurance, for all but $23,000 of its loss.

post facto purposes.[2] We now hold that the court of appeals erred in finding that Woodward's payment obligation increased and thus was an ex post facto violation. We remand the case for further proceedings consistent with this opinion. Because this holding renders analysis of the second issue unnecessary, we do not address it.

## II.

Woodward contends that the application of the amended restitution statute, see section 16–11–204, 8A C.R.S. (1986), constituted an ex post facto violation in this case. We disagree.

██ Ex post facto legislation is prohibited by article II, section 11 of the Colorado Constitution. Colorado courts adhere to the standard articulated in *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), in determining whether a law is ex post facto:

> [A]ny statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto.*

*People v. District Court (Thomas),* 834 P.2d 181, 195 (Colo.1992)(quoting *Dobbert,* 432 U.S. at 292, 97 S.Ct. 2290); *see also People v. Aguayo,* 840 P.2d 336, 338–39 (Colo.1992). Thus, a statute, if retroactively applied to a defendant, is an ex post facto violation if it increases or makes more onerous the applicable punishment for the crime. *See Thomas,* 834 P.2d at 195.

When Woodward was originally tried in 1983, the restitution statute in effect provided:

> As a condition of every sentence to probation, the court shall provide that the defendant make restitution to the victim of his

conduct for the actual damages which were sustained.

§ 16–11–204.5, 8 C.R.S. (1973 & Supp.1981). Victim under this provision was interpreted by courts as referring to the party immediately and directly aggrieved by the criminal act, and not to others who suffer loss because of some relationship, contractual or otherwise, to the directly aggrieved party. *People v. King,* 648 P.2d 173, 175 (Colo.App.1982). Thus, courts only had authority to order restitution payments made to the actual victim in a case. *See id.*

The restitution statute was amended in 1985 and broadened the class of parties who qualify as victims. *See* § 16–11–204.5, 8A C.R.S. (1986). The provision at issue expanded the term victim to include any person or entity who has suffered losses because of a contractual relationship with such party. *Id.* Therefore, under the amended restitution statute, courts were allowed to order payments made to victims' insurers as well as to direct victims. *See id.; see also People v. Phillips,* 732 P.2d 1226, 1229 (Colo.App.1986).

Woodward argued, and the court of appeals agreed, that the trial court's application of the amended statute in making the 1991 restitution order violated the Ex Post Facto Clause by increasing his liability by $150,000. We reject this argument, however, because the trial court ordered Woodward to make full restitution from the beginning.

The court of appeals relied on *King* in concluding that under the pre–1985 statute, courts had no authority to order restitution paid to an insurer who had reimbursed a victim for its loss. *See Woodward,* 989 P.2d at 190. The court inferred from this that under the old statute a victim could only receive restitution for its actual damages sustained, which were limited to those losses not already reimbursed by insurers. *See id.*

We disagree with the court's analysis. The court of appeals appears to misconstrue

---

2. We granted certiorari on the following two issues:

(1) Whether restitution is a compensatory measure that is not considered "punishment" for ex post facto purposes.

(2) Whether the application of an amended restitution statute that redirected Woodward's liability did not constitute an ex post facto violation or a retrospective law because it was remedial and did not increase his payment obligation.

the *King* case. It is true that under *King,* a court prior to the 1985 amendments could only authorize restitution payments to the actual victim. *See People v. King,* 648 P.2d at 175. Nevertheless, the court in *King* did not hold that the defendant was not liable for amounts already reimbursed by the plaintiff's insurers. In fact, it ordered the defendant to pay restitution to the victim in an amount equal to the claim paid by the insurers. The court did not address whether the insurer was entitled to reimbursement by the victim. That, of course, would be a question of civil law, not a matter determined by the criminal restitution statute.

■ In the case now before us, the trial court's original sentence in 1983 ordered Woodward to pay full restitution in the amount of $170,945 to Snowmass. The restitution statute in effect at that time authorized the trial court to do so, since Snowmass qualified as a victim under the statute. The 1991 court's retroactive application of the amended statute, then, did not increase Woodward's initial liability at all, but merely redirected his payment obligation.

This situation is analogous to that in *People v. Stewart,* 926 P.2d 105 (Colo.App.1996). In *Stewart,* the defendant was convicted of theft and was ordered to pay restitution under the same statute as here, section 16–11–204.5, 8A C.R.S. (1986). The defendant argued that the statute could not properly be applied to him because his illegal conduct occurred prior to the statute being amended in 1985 to define broadly the term victim. *See Stewart,* 926 P.2d at 107. The defendant reasoned that the court did not have the authority to order restitution payments be made to any party other than the direct victim, as that term had been narrowly construed in pre–1985 appellate cases. *See id.* The court disagreed, finding that:

> [T]he statute in effect at the time defendant committed these offenses also re-

quired the court to order restitution as a condition of probation. As relevant here, the only change created by the amendment was to enlarge the class of persons or entities whom defendant might be ordered to pay. It did not affect the amount of restitution due or otherwise disadvantage defendant by extending or enlarging his original sentence.

*Id.* at 108. The court held that because the defendant had to pay the same amount regardless of which statute was applied, there was no increase in punishment for ex post facto purposes and thus, no ex post facto violation. *See id.*

Similarly, in this case the 1991 court order neither made Woodward's punishment more burdensome nor increased the scope of his liability. We conclude, then, that application of the amended statute in this case does not constitute an ex post facto violation.

### III.

We decline to address the petitioner's second issue on appeal, namely, whether restitution constitutes punishment for ex post facto purposes because the case at hand does not implicate the Ex Post Facto Clause.

### IV.

We reject the court of appeals' analysis of the ex post facto issue in this case for the reasons stated above. We reverse the judgment of the court of appeals and remand this case for proceedings consistent with this decision.