SILBERMAN, Judge.
Lynda Perry appeals a $3000 restitution award following her conviction for grand theft. We reverse and remand for the trial court to enter an award reflecting a total restitution amount of $2751.60.
Perry was, convicted of grand theft for seeking to deprive San Antonio Citizens Federal Credit Union of its property by depositing a fraudulent check for $3000 and then, before the fraudulent check was dishonored, withdrawing $2751.60 more than she had in her account. The credit union paid a $100 deductible to its insurance company, and the insurance company paid the remaining $2651.60 for the loss. The trial court originally ordered Perry to pay $3000 in restitution. Perry filed a motion to correct sentencing error, and in an amended restitution order, the trial court again awarded restitution of $3000 but clarified that Perry was to pay $2751.60 to the insurance company and $248.40 to the credit union.
Section 775.089(l)(a)(l), Florida Statutes (2001), provides that the court shall order restitution to the victim for “[djamage or loss caused directly or indirectly by the defendant’s offense.” In Bowman v. State, 698 So.2d 615, 616 (Fla. 2d DCA 1997), this court stated, “A defendant may not be ordered to pay restitution in excess of the damages caused by his criminal conduct.” It is the State’s burden to demonstrate, by a preponderance of the evidence, the amount of loss that the victim sustained as a result of the defendant’s offense. § 775.089(7); Schuette v. State, 822 So.2d 1275, 1278-79 (Fla.2002).
Here, the testimony-at trial supported a maximum loss of $2751.60 as a result of Perry’s offense, with $100 sustained by the credit union and $2651.60 sustained by the credit union’s insurance company. The State argues that the trial court may have awarded $3000 to cover the credit union’s expenses in having its employees testify. At trial, however, there was no testimony regarding such expenses.
It appears from the trial transcript that the trial court awarded $3000 because that was the amount of the fraudulent check that Perry had deposited. After hearing Perry’s motion to correct sentencing error, the court entered an amended order which only clarified how the $3000 was to be divided between the credit union and the insurance company. It is clear from the trial testimony, however, that Perry withdrew $2751.60 more than she had in her account.
Thus, we reverse the amended restitution order and remand for the trial court to enter a restitution order awarding $2651.60 to the insurance company and $100 to the credit union.
Reversed and remanded.
WHATLEY and STRINGER, JJ., Concur.