GREEN, J.
Lawton Robert Walker appeals an order modifying a condition of probation. We affirm.
Appellant pled guilty to one count of DUI manslaughter in exchange for a sentence of six years probation, 300 days in Dade County Jail, and payment of restitution to the victim’s family for the victim’s medical and funeral expenses. Four years later, appellant appeared in court for a report regarding probation. The probation officer informed the court that the insurance company had paid for the victim’s funeral expenses and the family did not want restitution from appellant. The prosecutor orally moved to modify probation requesting that the court order appellant to pay restitution to the insurance company. The court granted the motion.
Appellant asserts that the trial court erred in modifying the probation to order payment of restitution to the insurance company under section 775.089, Florida Statutes (2001). We are not persuaded by this argument. As a threshold consideration, appellant agreed to pay restitution as part of his plea bargain. Changing the payee does not alter appellant’s probation conditions in any way; appellant’s obligation hasn’t changed. Notwithstanding that fact, in Montalvo v. State, 705 So.2d 984, 988 (Fla. 3d DCA 1998), we affirmed an order awarding an insurance company restitution in the amounts it had paid to its insured, the victim. Our sister courts have held “that an insurance company is subro-gated to the rights of the victim/insured,” Cyrus v. State, 712 So.2d 811, 812 (Fla. 4th DCA 1998), making the defendant responsible for restitution to the insurance company. See State v. Williams, 689 So.2d 1233, 1234 (Fla. 2d DCA 1997); L.S. v. State, 593 So.2d 296, 297 (Fla. 5th DCA 1992); M.E.I. v. State, 525 So.2d 467 (Fla. 1st DCA 1988). Hence, we are not persuaded by appellant’s argument that restitution to the insurance company under the statute is error.
Moreover, we find that the court did not abuse its discretion in modifying the probation order. The court had no discretion but to order restitution under the statute. Kirby v. State, 863 So.2d 238 (Fla.2003); Montalvo; L.S., 593 So.2d at 297. The modification of the payee was *503 ministerial, as restitution had been ordered as part of the original probation sentence.
Affirmed.