Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2016 CO 59**

**No. 15SC83, <u>Johnson v. People</u>—Restitution.**

This case presents the narrow question of whether the People's motion to change a restitution payee from one victim identified in a restitution order to other victims identified therein (whom the first victim was obliged to pay but did not pay) constitutes a new restitution request that must comply with the statutory requirements for making restitution requests.  The county court rejected the petitioner's argument that  the People's request to change the restitution payee was effectively a new restitution request and was untimely, and it granted the People's motion to change the restitution payee.  The district court affirmed on appeal, and the supreme court then granted certiorari.   Like the district court, the supreme court now concludes that on the facts presented here, the People's motion to change the restitution payee did not constitute a new restitution request.  Accordingly, the supreme court affirms.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2016 CO 59

## Supreme Court Case No. 15SC83
*Certiorari to the District Court*
Adams County District Court No. 14CV30380

### Petitioner:

Donald Johnson,

v.

### Respondent:

The People of the State of Colorado.

### Order Affirmed
*en banc*
September 12, 2016

**Attorneys for Petitioner:**
Douglas K. Wilson, Public Defender
Ari Krichiver, Deputy Public Defender
  *Brighton, Colorado*

**Attorneys for Respondent:**
Dave Young, District Attorney, Seventeenth Judicial District
Michael J. Milne, Senior Deputy District Attorney
  *Brighton, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.

¶1 This case presents the narrow question of whether a motion to change a restitution payee from one victim identified in a restitution order to other victims identified therein (whom the first victim was obliged to pay but did not pay) constitutes a new restitution request that must comply with the statutory requirements for making restitution requests.

¶2 Petitioner Donald Johnson was convicted of careless driving-no injury, and the county court ordered him to pay $23,435.20 in restitution for pecuniary losses suffered by, among others, (1) a woman whose vehicle he struck with his vehicle and (2) the woman's seven medical providers. Initially, the restitution payments were disbursed to the woman, who was obliged to pay her medical providers. After the People learned that the woman had not paid the providers, however, the People moved to change the restitution payee, so that the restitution payments would be disbursed directly to the providers. The court granted that motion.

¶3 Johnson then filed a motion for reconsideration. He argued that the People's request to change the restitution payee was effectively a new restitution request and was untimely. The county court rejected this argument and denied Johnson's motion.

¶4 Johnson appealed the foregoing orders to the district court, that court affirmed, and we granted certiorari.[1] Like the district court, we now conclude that on the facts presented here, the People's motion to change the restitution payee did not constitute a

---

[1] We granted certiorari to review the following issue:

> Whether the state's motion to change payee constitutes a new restitution request subject to the requirements of section 18-1.3-603, C.R.S. (2015).

new restitution request.

¶5     Accordingly, we affirm.

## I.  Facts and Procedural History

¶6     While driving carelessly, Johnson struck another vehicle, seriously injuring the woman who was driving that vehicle.  Johnson subsequently pleaded guilty to careless driving-no injury, and the People sought a restitution award of $23,435.20.  The People's motion summarized their restitution request as follows:

LOST WAGES

$4,357.12     May 12, 2008 through July 7, 2008
              (8 weeks X 544.64/weekly)

RENTAL CAR

$749.99      June 4, 2008 through July 3, 2008

MEDICAL EXPENSES – (Expenses not covered by any insurance due to policy limits)

| | |
|---|---|
| $169.62 | CarePoint, P.C. |
| $1,444.94 | Medical Center of Aurora |
| $44.68 | Radiology Imaging Associates, P.C. |
| $298.60 | CACC Lowry |
| $244.82 | University Physicians, Inc. |
| $144.51 | Rural/Metro of Central Colorado |
| $40,980.92 | Denver Health |
| $48,435.20 | |

PAYMENTS RECEIVED

($25,000.00)  Settlement from Defendant's Insurance Company

$23,435.20     TOTAL RESTITUTION REQUEST.

¶7    In addition, the People's request included the woman's mailing address and invoices from each of her seven medical providers showing their payment mailing addresses.

¶8    Johnson objected to the People's request, and the county court convened a restitution hearing. At the conclusion of that hearing, the court granted the requested restitution, subject to a $74.99 deduction reflecting the 10% discount that the female victim had received from her rental car company. Johnson appealed this order to the district court, but that court affirmed.

¶9    Several years later, the People filed a motion to change the restitution payee. The People informed the county court that despite receiving $25,000 from Johnson's insurance company and $3,200 in restitution from Johnson, the female victim had not made any payments to her medical providers. (As it turned out, the woman had filed for bankruptcy protection, and the bankruptcy court had discharged her debts to the medical providers.) The People thus requested an order that all future restitution payments be disbursed directly to the seven medical providers, again supplying the addresses for and itemizing the medical expenses due to each provider. This information was identical to the addresses and medical expenses provided in the initial motion for restitution, although the People reduced the amount that each medical provider was to receive to reflect the restitution that had already been paid, albeit to the female victim.

¶10    The court granted the People's request, stating, "The restitution payee information has been changed to reflect that all future restitution payments will be

4

disbursed to the medical providers rather than to [the female victim]."

¶11 Johnson then filed a motion to reconsider, to strike the People's motion to change the payee, and to deny the People's "new restitution request." As pertinent here, Johnson argued that the People's request to amend the restitution payee was effectively a new and untimely restitution request. He further asserted that his restitution obligations should be discharged because the medical providers were not victims, the female victim had been made whole, and the time for requesting restitution had long passed. The court set Johnson's reconsideration motion for a hearing.

¶12 At the hearing, the People argued that their motion for change of payee was not a new restitution request. In support of this argument, the People observed that the original request specifically named all of the victims of the incident, including all of the medical providers. The People further stated:

> The People aren't asking for any change in the amount that the defendant is liable for. We're not increasing, we're not decreasing, and we're not adding any new recipient of the money. It's all the people that we had requested restitution for initially. The only thing the People are doing is asking the Court to re-direct the payment. We originally had [the female victim] as some—I'll use the word conduit for the money. It was to go to her [and] flow through her to these medical providers. When we found out that that was not what was happening and that the medical providers were not getting the restitution, we asked the Court to re-direct the payment to go directly to these medical providers that the Court had already found to be victims of the defendant's actions.
>
> So it is not a new request. All of the players have been set since the beginning[, and] the amount of money has been set since the beginning. The only thing we're asking the Court to do is re-direct the money to the medical providers.

¶13 In a written order, the court agreed with the People, reasoning, in pertinent part:

Defense asserts that the prosecution's request to "re-direct" payment of restitution to the medical providers is a "new" restitution request. This court disagrees. The prosecution's request does not increase Mr. Johnson's liability nor does it ask for an additional amount of compensation. The request does not increase his punishment for the sentence imposed. . . . [R]estitution liability can be re-directed to a person or entity that qualifies as a victim . . . .

¶14 Johnson appealed to the district court, and in a detailed and comprehensive order, that court affirmed. As pertinent here, the court reasoned that (1) extinguishing Johnson's restitution obligation would be contrary to statutory provisions requiring him to pay restitution in full and allowing restitution to be reduced only under certain circumstances; (2) permitting the female victim to remain as payee would result in a windfall to her to the detriment of the medical providers; (3) although the restitution statute does not specifically authorize a change of payee, it does not bar such a change either; and (4) permitting the change in payee furthered the restitution statute's purpose without increasing the burden on Johnson.

¶15 We subsequently granted Johnson's petition for certiorari.

## II. Analysis

¶16 Johnson argues that the People's motion to change the payee constituted a new restitution request that was subject to the requirements of section 18-1.3-603, C.R.S. (2016), including the deadline for filing such requests. We are not persuaded.

### A. Standard of Review and Rules of Statutory Construction

¶17 We review issues of statutory construction de novo. Doubleday v. People, 2016 CO 3, ¶ 19, 364 P.3d 193, 196. Our primary purpose in statutory construction is to

ascertain and give effect to the intent of the General Assembly. Id. We look first to the language of the statute, giving words and phrases their plain and ordinary meanings. Id. We read statutory words and phrases in context, and we construe them according to the rules of grammar and common usage. Id.

¶18 In addition, we must interpret a statute so as to effectuate the purpose of the legislative scheme. Id. at ¶ 20, 364 P.3d at 196. In doing so, we read the scheme as a whole, giving consistent, harmonious, and sensible effect to all of its parts. Id. We must avoid constructions that would render any words or phrases superfluous or lead to illogical or absurd results. Id. If the statute is unambiguous, then we need not conduct any further statutory analysis. Id.

## B. The Restitution Statute

¶19 Section 18-1.3-603(1) provides:

Every order of conviction of a felony, misdemeanor, petty, or traffic misdemeanor offense, except any order of conviction for a state traffic misdemeanor offense issued by a municipal or county court in which the prosecuting attorney is acting as a special deputy district attorney pursuant to an agreement with the district attorney's office, shall include consideration of restitution. Each such order shall include one or more of the following:

(a) An order of a specific amount of restitution be paid by the defendant;

(b) An order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined;

(c) An order, in addition to or in place of a specific amount of restitution, that the defendant pay restitution covering the actual costs of specific future treatment of any victim of the crime; or

7

(d) Contain a specific finding that no victim of the crime suffered a pecuniary loss and therefore no order for the payment of restitution is being entered.

¶20 "Restitution" is defined, in pertinent part, as "any pecuniary loss suffered by a victim." § 18-1.3-602(3)(a), C.R.S. (2016).

¶21 "Victim," in turn, is defined as "any person aggrieved by the conduct of an offender" and includes, as pertinent here:

(I) Any person against whom any felony, misdemeanor, petty, or traffic misdemeanor offense has been perpetrated or attempted;

(II) Any person harmed by an offender's criminal conduct in the course of a scheme, conspiracy, or pattern of criminal activity;

(III) Any person who has suffered losses because of a contractual relationship with, including but not limited to an insurer, . . . for a person described in subparagraph (I) or (II) . . . .

§ 18-1.3-602(4)(a).[2]

¶22 A sentencing court must base its restitution order on "information presented to the court by the prosecuting attorney, who shall compile such information through victim impact statements or other means to determine the amount of restitution and the identities of the victims." § 18-1.3-603(2).

¶23 A restitution order is "a final civil judgment in favor of the state and any victim,"

---

[2] The county court concluded that the medical providers at issue in this case were victims under subparagraph (III). The district court, however, concluded that they were victims under subparagraph (II). This court denied certiorari on the issue of whether the medical care providers were "victims" for purposes of the restitution statute. Accordingly, we express no opinion concerning which subparagraph applies. Instead, we simply observe that the medical providers' status as victims has been fully litigated and established in this case.

8

and "such judgment shall remain in force until the restitution is paid in full." § 18-1.3-603(4)(a)(I).

## C. The Change of Payee

¶24 Here, pursuant to the above-described statutes, the initial restitution order required Johnson to pay specific amounts of restitution to compensate the identified victims (including the medical providers) for their pecuniary losses. The motion for change of payee did not seek to alter or add any victims, nor did it seek to modify the amounts due (other than to adjust for restitution that Johnson had previously paid). And the order granting the motion for change of payee did not do so. To the contrary, the victims' identities, the amounts of their pecuniary losses, and the total amount of restitution that Johnson was to pay remained exactly the same.

¶25 Although we have not yet had occasion to address whether on such facts a request to change a restitution payee amounts to a new restitution request, other courts' decisions shed light on this question.

¶26 For example, in Walker v. State, 919 So. 2d 501, 502 (Fla. Dist. Ct. App. 2005), the sentencing court had ordered the defendant, who had been convicted of one count of DUI-manslaughter, to pay restitution to the victim's family for the victim's medical and funeral expenses. Several years later, the defendant appeared in court for a report regarding probation. Id. At that conference, the probation officer advised the court that an insurance company had paid for the victim's funeral expenses and that the family did not want restitution from the defendant. Id. The prosecution thus sought a modification of the defendant's probation conditions, requesting that the court order

the defendant to pay restitution to the insurance company rather than to the victim's family. Id. The trial court granted that request, and the defendant appealed, challenging the modification. Id. The appellate court affirmed, stating, as pertinent here, "Changing the payee does not alter [the defendant's] probation conditions in any way; [the defendant's] obligation hasn't changed." Id. The court further observed, "The modification of the payee was ministerial, as restitution had been ordered as part of the original probation sentence." Id. at 502–03.

¶27 Similarly, in State v. Edelman, 984 P.2d 421, 423–24 (Wash. Ct. App. 1999), the court addressed whether a restitution order could be modified after a victim's death to require the defendant to pay the victim's estate instead of the victim. The court held that it could, noting, "The modification urged by the State does not award compensation for any additional loss, but continues to represent the amount that [the defendant] embezzled from [the victim]." Id. at 424. The court further observed, "In this situation, modifying the designated payee under the order does not change the nature of the defendant's obligation." Id.

¶28 Although it arose in a different context, our decision in People v. Woodward, 11 P.3d 1090, 1092–93 (Colo. 2000), is consistent with the foregoing courts' determinations. In Woodward, the restitution statute in effect at the time the defendant was sentenced allowed restitution only to the direct victim of a crime and not to that victim's insurers. Id. at 1092. After the defendant was sentenced, however, the restitution statute was amended to allow courts to award restitution to insurers. Id. The trial court then applied the amended statute to require the defendant to make

10

restitution payments to the victim's insurers.  Id. at 1091.  The defendant asserted an ex post facto violation, but we ultimately rejected that argument.  Id. at 1092.  As pertinent here, we observed that the retroactive application of the amended statute "did not increase [the defendant's] initial liability at all, but merely redirected his payment obligation."  Id. at 1093.  We further stated that the retroactive application of the amended statute "neither made [the defendant's] punishment more burdensome nor increased the scope of his liability."  Id.

¶29    In our view, the same rationale applies here.  Specifically, changing the payee on the facts of this case did not substantively alter Johnson's restitution obligation in any way.  It did not award compensation for any additional losses, nor did it alter who ultimately was to receive the sums awarded.  Rather, the award as modified by the change of payee continued to reflect the same amounts (reduced only by restitution payments already made) due to the same victims, including the medical providers.  The only change was to order that the payments be made directly to the medical providers, rather than to the medical providers through the female victim, and this change was effected simply to ensure that the providers, who were always supposed to receive a share of the restitution award, actually received what the court had ordered.

¶30    On these facts, we conclude that the change of payee did not constitute a new restitution request subject to the requirements of section 18-1.3-603.

¶31    This conclusion is amply supported by the restitution statute's legislative scheme.  See Doubleday, ¶ 20, 364 P.3d at 196 (noting that we interpret a statute to effectuate the purpose of the legislative scheme, reading the scheme as a whole and

giving effect to all of its parts).

¶32 Specifically, the legislative declaration to the restitution statute provides that the statute "shall be liberally construed" to accomplish the statute's purposes, which include (1) rehabilitating offenders; (2) deterring future criminality; and (3) lessening the financial burdens inflicted on crime victims and their families, compensating them for their suffering and hardship, and preserving the individual dignity of victims. § 18-1.3-601(1)(c)–(e), (2), C.R.S. (2016). The legislative declaration further provides, "It is the intent of the general assembly that restitution be ordered, collected, and disbursed to the victims of crime and their immediate families." § 18-1.3-601(2) (emphasis added). In addition, the restitution statute makes clear that the judgment of restitution remains in force until the restitution is paid in full. See § 18-1.3-603(4)(a)(I). Finally, under the statute, a defendant's restitution obligation can be decreased only (1) "[w]ith the consent of the prosecuting attorney and the victim or victims to whom the restitution is owed" or (2) "[i]f the defendant has otherwise compensated the victim or victims for the pecuniary losses suffered." § 18-1.3-603(3)(b).

¶33 Here, allowing the change of payee (and declining Johnson's request to discharge his restitution obligations) serves the statutory purposes of rehabilitation and deterrence vis-à-vis Johnson, as well as the legislative objectives of lessening the financial burdens inflicted on the victims of Johnson's crime and compensating them for their suffering and hardship. Moreover, Johnson was not prejudiced in any way by the order changing the party to whom payments were to be made, particularly when, as here, the parties who were ultimately to receive those payments (and the sums due)

12

remained the same.

¶34 To conclude otherwise would be contrary to the above-described statutory scheme. Specifically, were we to adopt Johnson's position in this case, he would effectively have his remaining restitution obligations discharged—and, therefore, his total obligations dramatically reduced—before all of his victims were made whole. Such a result would not only be contrary to both the statutory requirement that a judgment of restitution must remain in force until the restitution is paid in full, see § 18-1.3-603(4)(a), and the statutory limits on when a restitution obligation may be reduced, see § 18-1.3-603(3)(b), but also it would provide a substantial windfall to Johnson, at his victims' expense, which the restitution statute does not countenance.

¶35 We are not persuaded otherwise by Johnson's argument that the sentencing court had no authority to change the restitution payee (or by his reliance on State v. Moore, No. 03CA18, 2004 WL 1689674 (Ohio Ct. App. July 26, 2004), in support of that argument). The question of the sentencing court's authority to change a restitution payee was not within our grant of certiorari, nor does such a question implicate the sentencing court's jurisdiction (indeed, at oral argument, Johnson conceded that he is not challenging the sentencing court's jurisdiction). Accordingly, the question of whether the sentencing court had the authority to change the restitution payee is not before us, and our analysis is limited to the narrow question presented, namely, whether on the facts of this case, the People's request for a change of payee constituted a new restitution request.

## III. Conclusion

¶36    For these reasons, the order is affirmed, and the case is remanded for further proceedings consistent with this opinion.female victim