The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
September 5, 2019

## 2019COA139

**No. 17CA0040, People v. McEntee — Crimes — Unlawful Sexual Contact**

In this case, a division of the court of appeals concludes for
the first time that the phrase "another person," as used in section
18-3-404(1.5), C.R.S. 2018, does not require the participation of an
additional person beyond the victim and the defendant.  Rather,
from the perspective of the victim, the defendant is "another
person."  Therefore, sufficient evidence supported the defendant's
conviction.

COLORADO COURT OF APPEALS                                    **2019COA139**

Court of Appeals No. 17CA0040
El Paso County District Court No. 15CR1774
Honorable William B. Bain, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Joseph Lee McEntee,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE TOW
Bernard, C.J., and Hawthorne, J., concur

Announced September 5, 2019

Philip J. Weiser, Attorney General, Grant R. Fevurly, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Katherine Brien, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    A jury convicted defendant, Joseph Lee McEntee, of unlawful sexual contact.  He appealed the judgment of conviction, and we affirmed.  *People v. McEntee*, (Colo. App. No. 17CA0040, Nov. 1, 2018) (not published pursuant to C.A.R. 35(e) (*McEntee I*).

¶ 2    Our supreme court granted McEntee's petition for writ of certiorari on one issue — whether the State failed to prove beyond a reasonable doubt the necessary elements of felony unlawful sexual contact pursuant to section 18-3-404(1.5), C.R.S. 2018 — and denied the petition as to all other issues.  The supreme court vacated that single part of the judgment[1] and remanded the case to us for reconsideration in light of its recent decision in *McCoy v. People*, 2019 CO 44.

¶ 3    After reconsidering that issue, we affirm the judgment.

I.    Background

¶ 4    In May or June 2014, McEntee approached his adolescent neighbor, L.S., and asked if he could see his "dick."  L.S. told McEntee no, but McEntee moved closer and touched L.S.'s penis

---

[1] Because the supreme court denied certiorari on all other issues, all other aspects of the decision in *McEntee I* remain undisturbed.

while trying to unzip his pants. L.S. then grabbed McEntee's hand and moved it away from him. McEntee tried again, placing his hand on L.S.'s pants over his penis for what L.S. described as "five minutes probably."

¶ 5    At the time of the incident, L.S. was fourteen years old, was "real small," and had been diagnosed with "pervasive development delay."

¶ 6    McEntee was charged with unlawful sexual contact in violation of section 18-3-404(1.5). At the conclusion of the People's case-in-chief, McEntee's counsel moved for a judgment of acquittal, "rest[ing] on the record at this time." The court denied the motion, and a jury ultimately convicted him as charged. The trial court sentenced him to sex offender intensive supervised probation for an indeterminate term of ten years to life.

¶ 7    McEntee now appeals his conviction.

## II.    Felony Unlawful Sexual Contact

¶ 8    McEntee contends that the evidence was insufficient to support his conviction for unlawful sexual contact under section 18-3-404(1.5). Specifically, he argues that because the State did not prove that McEntee induced or coerced L.S. to engage in sexual

contact "with another person" for McEntee's own sexual gratification, the conviction cannot stand. We discern no basis for reversal.

## A. Standard of Review

¶ 9 McEntee does not raise a traditional attack on the factual sufficiency of the evidence (i.e., that the quantum and weight of the evidence fail to prove one or more of the undisputed elements of the crime charged). Rather, his claim is grounded upon an issue of statutory interpretation of one element of the crime. Specifically, he argues that the statute under which he was charged and tried applies to sexual contact involving a third person, other than the victim and the defendant. As such, his claim is an attack on the legal sufficiency of the charge.

¶ 10 McEntee never raised this issue either before or during trial. Nevertheless, we review sufficiency claims raised for the first time on appeal de novo. *McCoy*, ¶ 19.

## B. Analysis

¶ 11 When interpreting a statute, our goal is to give effect to the intent of the General Assembly. *People v. Coleman,* 2018 COA 67, ¶ 41; *see also* § 2-4-203(1), C.R.S. 2018. We do so by first

3

examining the statute's plain language, giving each word or phrase its ordinary meaning. *Coleman*, ¶ 41. If the statute's plain language is unambiguous, we apply the statute as written. *Id.* But if the statute contains an ambiguity, we employ other tools of statutory interpretation to decipher the statute's meaning. *Id.*; *see also* § 2-4-203.

¶ 12    The statute under which McEntee was charged reads in relevant part as follows:

> Any person who knowingly, with or without sexual contact, induces or coerces a child by any of the means set forth in section 18-3-402[, C.R.S. 2018,] to expose intimate parts or to engage in any sexual contact, intrusion, or penetration *with another person*, for the purpose of the actor's own sexual gratification, commits unlawful sexual contact.

§ 18-3-404(1.5) (emphasis added). The phrase "with another person" is ambiguous. It could mean, as McEntee argues, an additional person beyond the victim and the defendant. However, it is equally logical to read it as "a person other than the victim himself." In other words, from the perspective of the victim, the perpetrator is "another person."

¶ 13     "Where a statute is ambiguous so that the words chosen do not inexorably lead to a single result, resort to the legislative history to ascertain legislative intent is appropriate." *State v. Nieto*, 993 P.2d 493, 501 (Colo. 2000); *see also* § 2-4-203(1)(c).  But neither party has provided us with relevant legislative history, such as statements made during the debate over passage of the language in 1989.  In fact, McEntee states in a footnote in his opening brief that "undersigned counsel was not able to locate any discussion relating to C.R.S. § 18-3-404(1.5)" in the legislative history pertaining to the passage of S.B. 89-246, 57th Gen. Assemb., 1st Reg. Sess. (Colo. 1989), which enacted the statute.  The People present nothing to the contrary.  Thus, there appears to be no legislative history that would be of assistance.

¶ 14     Nor can any guidance be gleaned from the limited case law interpreting or applying this statute.  Although this statute has been in effect for nearly thirty years, there are only a few published appellate cases that address charges under this particular subsection.  None of them involved a third person.

¶ 15     In *People v. Walker*, 321 P.3d 528 (Colo. App. 2011)*, aff'd in part and vacated in part on other grounds*, 2014 CO 6, the defendant

was convicted of three counts of unlawful sexual contact under section 18-3-404(1.5) for coercing three young boys into exposing themselves so the defendant could take nude photographs or videos of them.

¶ 16     In *People v. Madden*, 111 P.3d 452 (Colo. 2005), the defendant was charged with attempted third degree sexual assault[2] after he pushed an underage girl against the window of a trolley, kissed her neck, and told her to remove her pants. *Id.* at 456. Significantly, though the defendant was charged under section 18-3-404(1.5), the jury was instructed on the elements set forth in section 18-3-404(1). *Id.* at 455 n.5. The decision does not explain why the variance occurred. *Id.* Nevertheless, the Colorado Supreme Court held that the "crime charged in the information" sufficiently placed the defendant on notice of what he would have to defend against, and thus the variance was not fatal. *Id.* at 456. It is telling, albeit not dispositive of the issue before us, that the supreme court at no point raised concern or confusion as to whether, as charged, the

_____

[2] Prior to July 1, 2000, the crime of unlawful sexual contact was called sexual assault in the third degree. *See* Ch. 171, sec. 20, § 18-3-404, 2000 Colo. Sess. Laws 700-01.

statute would have been applicable to the facts at hand, despite the absence of a third party.

¶ 17    While these opinions are instructive, neither *Walker* nor *Madden* resolves the question before us, as the specific interpretation of "another person" was not at issue in those cases. So, we turn to familiar rules of statutory interpretation.

¶ 18    "[W]e must interpret a statute so as to effectuate the purpose of the legislative scheme." *Johnson v. People*, 2016 CO 59, ¶ 18. Thus, "we read the scheme as a whole, giving consistent, harmonious, and sensible effect to all of its parts." *Id.*

¶ 19    McEntee suggests that to read sections 18-3-404(1.5) and 18-3-404(1)(a) harmoniously requires reading "with another person" in subsection (1.5) to implicate an additional person beyond the victim and the defendant. In other words, he suggests that construing this phrase to the contrary would eliminate any distinction between these subsections. We disagree.

¶ 20    These subsections may be read harmoniously. Section 18-3-404(1)(a) only applies to sexual contact, whereas section 18-3-404(1.5) also encompasses the exposure of intimate parts, "with or without sexual contact." Furthermore, section 18-3-404(1)(a) does

7

not contemplate the victim's age or status as a child.  In contrast, section 18-3-404(1.5) only applies to situations where the victim is a "child" under the age of eighteen years.  Allowing section 18-3-404(1.5) to encompass crimes involving only the perpetrator and the victim does not eliminate these distinctions.

¶ 21     In fact, if McEntee's view of the statute were correct, it would not be a crime for an individual, for that individual's sexual gratification, to force or coerce a child to expose himself or herself to that individual.  No other provision in the criminal code prohibits this conduct.  We simply cannot believe that the legislature did not intend to address such conduct when this provision was enacted.[3] *See McCoy*, ¶ 38 (noting that in interpreting a statute, "we read [the legislative] scheme as a whole, giving consistent, harmonious, and sensible effect to all of its parts, and we must avoid constructions

---

[3] Because we conclude that the legislature's intent is clear, McEntee's invocation of the rule of lenity is unavailing.  The rule of lenity, which requires ambiguities to be construed in favor of the defendant, "is to be applied only when we are unable 'to discern the intent of the General Assembly.'" *People v. Voth*, 2013 CO 61, ¶ 22 n.5 (quoting *Frazier v. People*, 90 P.3d 807, 811 (Colo. 2004)).

that would render any words or phrases superfluous or lead to illogical or absurd results").

¶ 22     McEntee also cites to section 18-3-405(1), C.R.S. 2018, for the same concern.  But section 18-3-405(1) may also be read harmoniously with section 18-3-404(1.5).  In contrast to section 18-3-404(1.5), section 18-3-405(1) only applies to situations where "the victim is less than fifteen years of age and the actor is at least four years older than the victim."  Section 18-3-404(1.5), on the other hand, does not require any age difference between the perpetrator and the victim.  Moreover, section 18-3-405 encompasses only sexual contact — not mere exposure.

¶ 23     We note that under the circumstances of this case, it appears that McEntee could have been charged under either section 18-3-404(1.5) or section 18-3-405(1).  To the extent that his conduct is defined as criminal by multiple sections under this interpretation of "with another person," and could have been prosecuted accordingly, the prosecution had discretion to prosecute him "under any one or all of the sections or enactments subject to the limitations provided by [section 18-1-408, C.R.S. 2018]."  § 18-1-408(7); *see also People v. Stewart,* 55 P.3d 107, 118 (Colo. 2002) ("Generally, the

9

prosecution has discretion to determine what charges to file when a defendant's conduct violates more than one statute.").

¶ 24　　For these reasons, we hold that the phrase "another person," as used in section 18-3-404(1.5), is to be viewed from the perspective of the victim.  As such, the perpetrator is "another person" in relation to the victim.  So interpreted, section 18-3-404(1.5) can still be read harmoniously with other overlapping statutes.  Consequently, section 18-3-404(1.5) does not require the participation of an additional person beyond the victim and the defendant.  Therefore, sufficient evidence supported McEntee's conviction.

III.　　Conclusion

¶ 25　　The judgment is affirmed.

CHIEF JUDGE BERNARD and JUDGE HAWTHORNE concur.