319 So.2d 82 (1975)
AETNA LIFE & CASUALTY COMPANY, Appellant,
v.
Margaret M. THORN and Her Son, Stephen Thorn, a Minor, by and through His Mother and Natural Guardian, Margaret Thorn, Appellees.
No. 74-1630.
District Court of Appeal of Florida, Third District.
September 30, 1975.
Stephens, Magill, Thornton & Sevier, Miami, for appellant.
*83 Sepler & Sussman and Irma V. Hernandez, Hialeah, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
The question to be decided here is whether a judgment should be set aside when it appears after judgment that the trial judge should not have tried the case because of an affinity of relationship.[1] We hold that the judgment should be set aside where no substantial injustice will result by reason of the delay and it appears that the defect was made the basis of a motion as soon as discovered.
The appellant, Aetna Life & Casualty Company, was the plaintiff, in the trial court. It suffered an adverse judgment in a cause tried by the court without jury. After final judgment, the judge revealed that he was related within the third degree to the wife of a counsel for the defendant[2] and that he had lately become aware that by failing to disqualify himself in the case, he had violated Canon 3, subd. C(1) (d) (ii) of the Code of Judicial Conduct, see In Re The Florida Bar  Code of Judicial Conduct, Fla. 1973, 281 So.2d 21; and F.S.A. Vol. 32, Jud.Conduct Canon 3 (1975-1976 Supp., p. 134).[3] For general background on the Code in Florida, see 46 Fla.Bar Journal 268 and 270 (1972); for background on the predecessor to the Canons of Judicial Conduct, see Opinions on the Canons of Professional Ethics and Canons of Judicial Ethics (The American Bar Association 1967), at 206; and for a discussion of ethical problems of the judiciary, see Breitel, Ethical Problems in the Performance of the Judicial Function, Conference of Judicial Ethics, no. 19 (U. Chicago Law School, Oct. 22, 1964), 64 at 75 et seq.
The plaintiff, pursuant to RCP 1.540, filed a motion in which the circumstances *84 above enumerated are set forth and wherein Aetna alleged that it did not know that the judge was related in the third degree of relationship[4] to the wife of counsel for the defendant until the judge revealed the fact. Aetna moved the court to set aside the final judgment entered in the cause. The presiding judge referred the motion to another circuit judge for his decision. This latter judge denied the motion, holding that he could not determine bias or lack of bias against a fellow judge. This appeal followed.
We heartily concur in the conclusion of the assignee judge that he should not be called upon to review the actions of a fellow judge to determine whether bias appeared in the record. Nevertheless, we are of the opinion that he committed error in failing to hear evidence in support of the motion and in failing to act accordingly upon its merits.
The burden is upon the individual judge to determine his qualification to sit on a particular case. In the instances of relationship to the parties or their attorneys, it is not the existence of a partiality that a judge must reveal but rather, in terms of the canon, "... a proceeding in which his impartiality might reasonably be questioned ..." A judge occupies such a particular position in the affairs of other men that not only must he be free of evil intent but he must also avoid the appearance of evil. Cf. the rule stated in Anderson v. State, Fla.App. 1973, 287 So.2d 322.
The gist of a motion in the instant circumstance is not to determine the existence of bias, but rather to determine whether the facts alleged in the motion are true. If the facts are found to be true, then there is no doubt that a mistake was made by the trial judge. It follows that upon such terms as are just, the court may upon proper motion relieve a party or his legal representative of a judgment.[5]
This cause must, therefore, be remanded to the trial judge who heard the motion for his determination of whether the allegation of mistake and the prompt action by the movant are true. We have already indicated that they appear to be true from the record before us. Having made this first determination, the trial judge must then determine whether the justice of this cause allows for relief from the judgment. In the present case, if such relief is granted, of course, a new trial must then ensue.
Appellee urges that Fla. Stat. § 38.02 provides the exclusive remedy for the disqualification of a judge. We must reject this argument because the section by its very terms limits its applicability to those cases in which a final judgment has not been entered.[6] Thus, it has no application *85 to this case. Indeed, the remedies provided by § 38.01 et seq., are aimed at bias by a judge. The remedy sought here does not proceed from any conscious prejudice or bias. It is a party's right to have a judge free from any obvious source of possible unconscious bias.
For the reasons set out, we reverse the order denying appellant's motion for relief from judgment and we remand the cause to the trial court with directions to proceed to a hearing upon that motion under the guidelines set forth herein.
Reversed and remanded.
NOTES
[1] For general considerations, see 50 A.L.R.2d 143. For purposes of clarification, we hasten to point out that the Honorable Harold R. Vann, from whose court this appeal was ultimately taken, is not the judge whose "affinity of relationship" is at issue here.
[2] * * * *
"THE COURT: Gentlemen: Before we proceed and as I have indicated to you off the record informally before we got on the record, one of the attorneys involved is related to me by marriage and there may be some question as to the propriety of me hearing the matter unless everybody agrees that they have no objection to it.
"So, I throw that fourth to you.
"MR. SEVIER: Your Honor, as counsel for the plaintiff, Aetna Life & Casualty, this was not known to me at the trial and just became known to me now.
"I would like to make a motion for the court to recuse itself.
"THE COURT: I would be glad to do so.
"As I have indicated before we went on the record, at the time the trial took place in this matter I was not aware of any provision in the Judicial Code that might have questioned the propriety of me presiding at the trial. Otherwise, I would have mentioned it at that time.
"Since that time I have checked and discussed the matter with Judge Crawford, our Chief Judge and Judge DuVal, our administrative Judge, and they have indicated that perhaps I should call this matter to the attention of the lawyers involved in any future case before me in which Mr. Sussman is involved and let the lawyers determine whether they want me to stay in the case or step out of it.
"I am sorry, but as of that time I didn't call it to your attention. It is just a lack of knowledge of the provisions of the canon that I have since checked as of that time.
"MR. SEVIER: Will the court reassign this case to Judge DuVal for reassignment to another Judge?
"THE COURT: Yes."
* * * * *
[3] "C. Disqualification.

"(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
* * * * *
"(d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
* * * * *
"(ii) is acting as a lawyer in the proceeding;"
[4] "Jud.Conduct Canon 3, subd. C(3).

(3) For the purposes of this section:
(a) the degree of relationship is calculated according to the civil law system;
"Commentary
According to the civil law system, the third degree of relationship test would, for example, disqualify the judge if his or his spouse's father, grandfather, uncle, brother or niece's husband were a party or lawyer in the proceeding, but would not disqualify him if a cousin were a party or lawyer in the proceeding."
[5] RCP 1.540

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect ..."
[6] "38.02 Suggestion of disqualification; grounds; proceedings on suggestion and effect

"In any cause in any of the courts of this state any party to said cause, or any person or corporation interested in the subject matter of such litigation, may at any time before final judgment, if the case be one at law, and at any time before final decree, if the case be one in chancery, show by a suggestion filed in the cause that the judge before whom the cause is pending, or some person related to said judge by consanguinity or affinity within the third degree, is a party thereto, or is interested in the result thereof, or that said judge is related to an attorney or counselor of record in said cause by consanguinity or affinity within the third degree, .. ." [Emphasis added]