707 So.2d 868 (1998)
Richard SCHLESINGER, Appellant,
v.
CHEMICAL BANK and G & E II Holding Corp., Leslie Schlesinger and The Schlesinger Family Trust, Appellees.
No. 97-2457.
District Court of Appeal of Florida, Fourth District.
March 4, 1998.
James W. Beasley, Jr., David Leacock and Robert J. Hauser of Beasley, Leacock & Hauser, P.A., West Palm Beach, and Kenneth J. Scherer of Gorman & Scherer, P.A., North Palm Beach, for appellant.
Karen H. Curtis and Stephen B. Gillman of Gallwey Gillman Curtis Vento & Horn, P.A., and Robert G. Fracasso of Shutts & Bowen, Miami, for appellees.
KLEIN, Judge.
Appellee Chemical Bank brought this lawsuit to collect on a series of promissory notes and guarantees executed by appellant, as well as to set aside alleged fraudulent transfers by appellant to his wife and a trust. Following a bench trial on the notes and guarantees, the court entered a monetary judgment against appellant which was not appealed.
Five months after the entry of that judgment, during the proceedings on the remaining claims, the trial judge advised the parties that he had at all times owned stock in Chemical Bank. Appellant then moved to disqualify the trial judge, and his motion was granted. Appellant next moved the successor judge to vacate the final judgment and now seeks review of the order denying that motion. We reverse.
The successor judge denied the motion because he was of the view that a successor judge cannot vacate a final judgment *869 entered by a prior judge. That conclusion was incorrect.
Florida Rule of Judicial Administration 2.160(h) provides:
Prior Rulings. Prior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration, which must be filed within 20 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist.
A final judgment entered by a judge who was later disqualified is, like any other order, subject to being reconsidered by a successor judge. Barber v. MacKenzie, 562 So.2d 755 (Fla. 3d DCA 1990).
Although we agree that we must reverse, we do not agree with appellant's argument that he is entitled to have the judgment vacated as a matter of right. That would be contrary to the wording of rule 2.160(h) as well as Barber, in which the court held that orders entered by a disqualified judge are voidable not void. Appellant's reliance on section 38.07, Florida Statutes (1995) is misplaced because that statute applies only to orders entered prior to final judgment or orders entered under section 38.05, which is inapplicable here.
We have not overlooked Chemical Bank's argument that the prior judge's ownership of stock was insignificant and that the prior proceedings were thus not tainted. In opposing the disqualification ruling, the bank pointed out that it has merged with Chase Manhattan Bank, which has over 440,000,000 shares of stock outstanding. There is thus, as a practical matter, no real possibility that the prior judge's stock ownership is more than a "de minimis interest," or that it could "be substantially affected by the proceeding." Judicial Canon 3(E)(1)(c).
As Justice Overton observed in his opinion in In re Estate of Carlton, 378 So.2d 1212, 1220 (Fla.1979), if judges can be fair and impartial, they are under a duty not to recuse. As courts in other jurisdictions have put it, recusal should not be "lightly undertaken" by a trial judge. TZ Land & Cattle Co. v. Condict, 795 P.2d 1204, 1211 (Wyo.1990)(quoting Simonson v. General Motors Corp., 425 F.Supp. 574, 578 (E.D.Pa. 1976)). Compare, 5-H Corp. v. Padovano, 23 Fla. L. Weekly S64, ___ So.2d ___ (Fla. Jan. 29, 1998) (merely reporting counsel to bar for unethical conduct is legally insufficient to support judicial disqualification). We cannot, however, undo the fact in this case that the motion to disqualify was granted, and that issue is not before us.
Whether a successor judge should be able to set aside a judgment, months after it has become final, is a troubling issue on which there is little precedent.[2] In this case, where the proceedings were still ongoing, and it does not appear that anyone will be prejudiced other than by additional legal expenses and some delay, we have concluded that the successor judge should consider the motion to vacate pursuant to rule 2.160(h). Reversed.
GUNTHER and FARMER, JJ., concur.
NOTES
[2] In Aetna Life & Casualty v. Thorn, 319 So.2d 82 (Fla. 3d DCA 1975) the trial judge revealed to the parties that he was related to the wife of counsel for defendant after having entered a judgment in favor of plaintiff after a bench trial. The court then granted defendant's motion for disqualification, but the successor judge concluded that he could not vacate the judgment. The third district reversed; however, the opinion does not reflect whether the judgment had become final.