STONE, BARRY J., Associate Judge.
We affirm an order denying a motion to vacate a judgment of dismissal. The action was dismissed with prejudice on January 9, 1995, following a series of amended complaints. On August 2, 1996, Stem-bridge moved to vacate the judgment based on mistake, inadvertence, or excusable neglect, pursuant to Florida Rule of Civil Procedure 1.540(b)(1). The court entered the order denying the motion without a hearing.
Stembridge argues that the court erred by denying his motion without conducting a hearing. See Aetna Life & Cas. Co. v. Thom, 319 So.2d 82, 84 (Fla. 3d DCA 1975). However, a hearing on the merits of the motion was unnecessary because the August 2, 1996 motion was untimely filed. Rule 1.540(b) provides that a motion under the provisions applicable here must be made not more than one year after entry of the judgment. The judgment from which he sought relief was filed on January 9,1995. Thus, the rule required Stem-bridge to file his motion to vacate the judgment by January 9, 1996.
We recognize that the judgment of dismissal was on appeal to this court until the mandate was issued July 31, 1995. However, an appeal does not stay the one year period for filing the rule 1.540(b) motion. See Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 n. 1 (Fla. 4th DCA 1994); Legler v. Kwitney Kroop & Scheinberg, P.A., 520 So.2d 95, 95 (Fla. 4th DCA 1988). In any event, the motion to vacate was filed more than a year after that mandate. Therefore, the judgment of dismissal must be affirmed.
POLEN, MARK and KLEIN, LARRY, Associate Judges, concur.