WHATLEY, Judge.
The parents of Jane Doe, the Petitioners, filed this petition for writ of certiorari, requesting that this court reverse, in part, the trial judge’s order of recusal and vacate the order granting Publix’s motion for judgment on the pleadings. We find merit only in the Petitioners’ claim that the trial judge departed from the essential requirements of law in making certain findings in the order of recusal.
In order to obtain a writ of certio-rari, the Petitioners must show that the trial court’s order departs from the essential requirements of the law and results in a material injury for the remainder of the case that cannot be corrected on post-judgment appeal. Vermette v. Ludwig, 707 So.2d 742, 744 (Fla. 2d DCA 1997). We conclude that the order granting the motion for judgment on the pleadings does not meet these requirements, and we decline to grant certiorari as to that order.
First, the Petitioners have not established that the order granting a judgment on the pleadings results in a material injury for the remainder of the case that cannot be corrected on postjudgment'ap-peal. However, even if this requirement had been met, the Petitioners have not shown that the order departs from the essential requirements of the law. City of Oldsmar v. Kimmins Contracting Corp., 805 So.2d 1091 (Fla. 2d DCA 2002) (holding that in considering a petition for writ of certiorari, the reviewing court must determine whether the trial judge departed from the essential requirements of the law). The Petitioners argue that the trial judge erred in denying their motion to vacate his order granting Publix’s motion for judgment on the pleadings as to counts I, II and IV of the complaint.[1] At a hearing on May 30, 2001, the trial judge *1251 heard arguments on several motions, including Publix’s motion for judgment on the pleadings as to the above three counts, and he orally granted that motion at the hearing. Thereafter, on June 14, 2001, the Petitioners filed a motion to recuse the trial judge arguing that he was disqualified from hearing the case because his daughter was employed by Publix.
A hearing was held on the Petitioners’ motion for recusal on June 28, 2001. At the beginning of the hearing, the trial judge entered a written order granting Publix’s motion for judgment on the pleadings. The Petitioners argue that the trial judge erred in entering the written order granting Publix’s motion after they had filed the motion to recuse. We conclude that the trial judge did not depart from the essential requirements of the law in entering the written order.
Although the general rule is that once a party has filed a motion to recuse, the trial judge may not proceed any further in the action, § 88.10, Fla. Stat. (2000), the Florida Supreme Court has created an exception to this rule in Fischer v. Knuck, 497 So.2d 240, 243 (Fla.1986). In Fischer, 497 So.2d at 243, the court held, “When a judge has heard the testimony and arguments and rendered an oral ruling in a proceeding, the judge retains the authority to perform the ministerial act of reducing that ruling to writing.” See Airborne Cable Television, Inc. v. Storer Cable TV of Florida, Inc., 596 So.2d 117, 118 (Fla. 2d DCA 1992); Long Term Mgmt., Inc. v. Univ. Nursing Care Ctr., Inc., 704 So.2d 669, 676 (Fla. 1st DCA 1997). In this case, the trial judge rendered an oral ruling on Publix’s motion for judgment on the pleadings at the hearing on May 30, 2001, before the motion for recusal was filed on June 14, 2001. Therefore, he retained the authority to reduce his earlier ruling to writing despite the filing of the motion for recusal. See Curran v. Curran, 760 So.2d 1136 (Fla. 5th DCA 2000) (holding that the trial judge had the jurisdiction to perform the ministerial duty of preparing a written order to reflect the earlier oral pronouncements).
The Petitioners also contend that the trial judge should have vacated his order granting Publix’s motion for judgment on the pleadings, because at the time he heard argument on the motion his daughter was employed by Publix. The Petitioners claim that, had they known of his daughter’s employment, they would have filed the motion to recuse before the other motion was heard.
Florida Rule of Judicial Administration 2.160(h) provides that prior rulings of a disqualified judge may be reconsidered and vacated by a successor judge upon the filing of a motion for reconsideration. In Schlesinger v. Chemical Bank, 707 So.2d 868, 869 (Fla. 4th DCA 1998), the court held that a final judgment that is entered by a judge who is later disqualified is subject to being reconsidered by a successor judge, but a party may not have the judgment vacated as a matter of right. “Orders entered by a disqualified judge are voidable not void.” Id.; see also Rucks v. State, 692 So.2d 976 (Fla. 2d DCA 1997). Therefore, the Petitioners’ appropriate remedy was to file a motion for reconsideration with the successor judge. The Petitioners admit that they filed such motion with the successor judge, but they contend that the successor judge also recused himself from hearing the case. As a result, the second successor judge appointed to hear the case should rule on the motion for reconsideration. Regardless, the Petitioners may not seek such relief through a petition for writ of certio-rari.
In their second argument, the Petitioners claim that the trial judge erred in *1252 deciding additional issues in the order of recusal, because he no longer had authority to enter such findings after his recusal. In paragraph four of the order of recusal, the trial judge made the following findings: “Mr. and Mrs. Jane Doe are not the natural guardians, and there is no evidence they are the legal guardians, of JANE DOE since she is over the age of majority and sui juris ...
We agree with the Petitioners that the trial judge departed from the essential requirements of the law in making the above findings. Both section 38.10 and rule 2.160 provide that once a motion to recuse is granted, the trial judge may “proceed no further.”
Accordingly, we grant the petition for writ of certiorari in part and remand the order of recusal with directions that the trial judge strike paragraph four of such order.
SALCINES and COVINGTON, JJ., concur.

. This left only one count of the complaint pending in the trial court.