NORTHCUTT, Judge.
 

 Daniel Labombard pleaded guilty to a charge of failure to register as a sexual offender. After he was sentenced, he filed two motions pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), alleging sentencing errors. The circuit court entered an order denying the first motion. The second motion was deemed denied when the circuit court failed to act on it.
 

 On appeal, the State correctly concedes that the second motion raised a sentencing scoresheet error that warrants reversal. Thirty additional points were added to La-bombard’s scoresheet pursuant to Florida Rule of Criminal Procedure 3.704(d)(12), which imposes the additional points when a defendant “has a primary offense or any additional offense ranked in level 8, 9, or 10 and one or more prior serious felonies.” Labombard’s only offense at sentencing was ranked as level seven. Therefore, rule 3.704(d)(12) was inapplicable, and La-bombard must be resentenced under a new scoresheet with these points deleted.
 

 Labombard also challenged the fact that he was sentenced by a judge other than the one who accepted his plea. We have recently held that a defendant must object to the successor judge at the sentencing hearing, and we have receded from our previous cases holding that this error may be raised for the first time in a rule 3.800(b)(2) motion.
 
 Pifer v. State,
 
 59 So.3d 225 (Fla. 2d DCA 2011). Labombard did not object at sentencing, and as such he is not entitled to appellate relief on this ground. But because we are remanding for resentencing, Labombard will have another opportunity to assert his right to be sentenced by the judge who accepted his plea.
 

 Sentence reversed and remanded.
 

 DAVIS and CRENSHAW, JJ„ Concur.