PER CURIAM.
Robert Buckner appeals from the trial court’s nonfinal orders granting Janet and Jerry Cowling’s motion to set aside an order of dismissal and granting the Cowlings’ motion for extension of time to serve summons and complaint. Buckner raises two issues on appeal, only one of which merits discussion. He argues that the trial judge erred in ruling on those two motions, when, two days later, the judge recused himself on his own initiative. Buckner contends that the court should not have ruled on the Cowlings’ motions because the grounds for recusal were known to the court at the time it entered the orders. Accordingly, he asks this Court to reverse those orders and remand with instructions to set them aside.
Prior rulings of a disqualified judge may be reconsidered and vacated by a successor judge upon the filing of a motion for reconsideration. See Fla. R. Jud. Admin. 2.330(h). Although an order entered by a judge who is later disqualified is subject to reconsideration by a successor judge, a party is not entitled to have the order vacated as a matter of right. See Sehlesinger v. Chem. Bank, 707 So.2d 868, 869 (Fla. 4th DCA 1998); see also Doe ex rel. Doe v. Publix Supermarkets, 814 So.2d 1249, 1251 (Fla. 2d DCA 2002) (“Orders entered by a disqualified judge are voidable not void.” (quoting Schlesinger, 707 So.2d at 869)). Thus, we cannot grant Buckner the relief that he seeks on appeal. However, because Buckner filed a timely motion for reconsideration challenging the merits of the orders entered by the disqualified judge, upon remand the successor judge should grant that motion and reconsider those prior rulings.
REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
EVANDER, COHEN and WALLIS, JJ., concur.