PER CURIAM.
This is an appeal from an order denying former wife’s motion to vacate the final judgment of dissolution of marriage and set aside the parties’ marital settlement agreement. While this appeal was pending, this court granted former wife’s petition for writ of prohibition upon finding that an ex parte conference held by the judge during the hearing on former wife’s motion to vacate constituted a legally sufficient basis for the judge’s disqualification. Berry v. Berry, 139 So.3d 508 (Fla. 1st DCA 2014). The court remanded with instructions that a new judge be assigned to hear further proceedings in this matter. Id. Florida Rule of Judicial Administration 2.330(h) provides that “[pjrior factual- or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration, which must be filed within 20 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist.” Pursuant to this rule, we believe the proper procedure in this ease is for former wife to seek relief by filing a motion requesting the successor judge to reconsider the disqualified judge’s order. See Weiss v. Berkett, 907 So.2d 1181 (Fla. 3d DCA 2005); Doe ex rel. Doe v. Publix Super Markets, Inc., 814 So.2d 1249, 1251 (Fla. 2d DCA 2002); Berry v. Berry, 765 So.2d 855, 858 (Fla. 5th DCA 2000); Robbins v. Robbins, 742 So.2d 395, 397 (Fla. 2d DCA 1999); Schlesinger v. Chemical Bank, 707 So.2d 868, 869 (Fla. 4th DCA 1998). Because former wife cannot file such a motion while this appeal is pending, we remand with directions that former -wife be given the opportunity to file a rule 2.330(h) motion within twenty days o'f the issuance of this court’s mandate.
REMANDED.
LEWIS, C.J., VAN NORTWICK and SWANSON, JJ„ concur.