NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HEATHER L. HELVESTON,                )
DOC #Y52979,                         )
                                     )
            Appellant,               )
                                     )
v.                                   )        Case No. 2D14-5314
                                     )
STATE OF FLORIDA,                    )
                                     )
            Appellee.                )
_____ )

Opinion filed June 1, 2016.

Appeal from the Circuit Court for Lee
County; J. Frank Porter and Margaret O.
Steinbeck, Judges.

Howard L. Dimmig, II, Public Defender,
and Timothy J. Ferreri, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes,
Assistant Attorney General, Tampa, for
Appellee.


WALLACE, Judge.

            Heather L. Helveston appeals her judgment and sentences for burglary of

a dwelling, dealing in stolen property, and providing false verification to a pawn broker

following the revocation of her probation for those offenses.  The trial court had

previously withheld adjudication for those offenses and had imposed four years of

probation in accordance with Ms. Helveston's guilty plea. Ms. Helveston argues that we must reverse an amended order of revocation of her probation and her new judgment and sentences because the successor trial judge who entered those orders did not preside over her revocation hearing.

On August 18, August 22, and September 8, 2014, Judge Margaret O. Steinbeck held an evidentiary hearing on Ms. Helveston's alleged violation of her probation based, in part, upon her commission of the new law offense of fraud by failing to return a rental car. At the conclusion of the hearing, Judge Steinbeck made certain factual findings and concluded that the State had carried its burden of proving a violation of probation based upon Ms. Helveston's commission of the new law offense. Judge Steinbeck also determined to revoke Ms. Helveston's probation and to adjudicate her on the underlying offenses. Judge Steinbeck postponed sentencing for a later date.

Before Judge Steinbeck could enter a written order of revocation of probation and a new judgment and sentences on the underlying offenses, Ms. Helveston filed a motion to disqualify Judge Steinbeck, which Judge Steinbeck granted. Ms. Helveston then filed a motion for reconsideration under Florida Rule of Judicial Administration 2.330(h), requesting "that all prior factual and legal rulings of the court be vacated" and that the violation of probation be heard before a successor judge. On October 1, 2014, Ms. Helveston's case was reassigned to Judge J. Frank Porter. Judge Porter held a hearing on the motion for reconsideration on October 20, 2014, and he denied the motion. Subsequently, Judge Porter entered a written order of revocation of probation and a judgment and sentences on Ms. Helveston's underlying offenses.

While this appeal was pending, Ms. Helveston filed a motion to correct a sentencing error, arguing that the written order of revocation incorrectly stated that she had admitted to all of the allegations of violation of probation, including a violation of condition 5 "by failing to live and remain at liberty without violating any law" and four violations of condition 19 by failing "to make a minimum monthly payment of $50 towards her financial obligations." In addition, she argued that it was improper for a successor judge to sign an order of revocation of probation when that judge did not hear and evaluate the conflicting testimony at the evidentiary hearing. Judge Porter entered an order granting Ms. Helveston's motion to correct a sentencing error to the extent that he found that the order of revocation incorrectly stated that Ms. Helveston had admitted the violations and was found guilty of violating all conditions. Judge Porter entered an amended order of revocation of probation reflecting that Ms. Helveston had contested the allegations of violation of probation and that the trial court had found a single violation of condition 5 following the evidentiary hearing. Judge Porter denied the motion to correct a sentencing error to the extent that Ms. Helveston argued that it was improper for a successor judge to sign an order of revocation when that judge did not hear and evaluate the conflicting testimony at the evidentiary hearing.[1]

---

[1]The trial court denied the motion to correct sentencing error on the successor judge issue, stating that "[a] defendant must object to a successor judge when presented with the successor judge, and may not raise the successor judge issue for the first time in a 3.800(b)(2) motion. Labombard v. State, 74 So. 3d 154 (Fla. 2d DCA 2011)." Because Ms. Helveston argued at the motion for rehearing that she was entitled to a new hearing at which the successor judge would hear and evaluate the evidence on the alleged violation of probation, we conclude that this argument was preserved for review.

Ms. Helveston argues on appeal that Judge Porter improperly entered the written order of revocation based upon Judge Steinbeck's factual findings and ruling when Judge Porter did not hear the evidence at the hearing on the alleged violation of probation. Ms. Helveston requests that we reverse her judgment and sentences and the amended order of revocation of probation and remand for a new evidentiary hearing on the alleged violation of probation.

We agree with Ms. Helveston's argument that under our decisions in Berube v. State, 33 So. 3d 102, 104 (Fla. 2d DCA 2010), and Acker v. State, 823 So. 2d 875 (Fla. 2d DCA 2002), Judge Porter improperly entered an order of revocation of probation based upon Judge Steinbeck's factual findings and ruling when Judge Porter did not hear the evidence upon which those findings and ruling were based. However, we disagree that Ms. Helveston is entitled to a new evidentiary hearing on her alleged violation of probation. Even though Judge Steinbeck granted Ms. Helveston's motion for disqualification, Judge Steinbeck "retains the authority to perform the ministerial act of reducing [her prior oral] ruling to writing." Fischer v. Knuck, 497 So. 2d 240, 243 (Fla. 1986); see also Doe ex rel. Doe v. Publix Super Mkts., Inc., 814 So. 2d 1249, 1251 (Fla. 2d DCA 2002) (quoting Fischer for the foregoing proposition).

Accordingly, we reverse the amended order of revocation of probation and remand for Judge Steinbeck to enter a written order of revocation consistent with her oral findings and ruling at the violation of probation hearing. Because we must reverse the written order of revocation, we also reverse Ms. Helveston's judgment and sentences and remand for entry of a new judgment and sentences. We note that in accordance with Judge Steinbeck's order granting Ms. Helveston's motion for

- 4 -

disqualification, Judge Steinbeck may not impose the new judgment and sentences upon Ms. Helveston.

Reversed and remanded with directions.

MORRIS and SALARIO, JJ., Concur.