# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1093
Lower Tribunal No. 2024-CF-003288

_____

ALBERT ARMSTRONG,

Petitioner,

v.

STATE OF FLORIDA and GRADY JUDD, Sheriff of Polk County,

Respondents.

_____

Petition for Writ of Habeas Corpus to the Circuit Court for Polk County.

August 26, 2024

PER CURIAM.

Having previously granted the petition for writ of habeas corpus, we write now to explain that decision. Detained while he awaits trial on the charge of aggravated child abuse, Petitioner, Albert Armstrong ("Defendant"), petitioned this Court for a writ of habeas corpus, arguing both that the recent amendment to the statutory scheme for pretrial detention is unconstitutional and that the trial court failed to follow the statute and make the required findings. Defendant challenged the recent statutory amendment on two constitutional grounds: first, that the statute

as amended violates article V, section 2 of the Florida Constitution and second, that it vitiates the presumption in article I, section 14 of the Florida Constitution. As to Defendant's constitutional arguments, we determine that the first is unpreserved and the second is meritless. Nevertheless, we grant Defendant relief based upon the last argument he raised—that the trial court erred in failing to make statutorily required findings of fact in ordering his pretrial detention.

Article I, section 14 of the Florida Constitution sets forth the right of the accused to be released on bail. It reads as follows:

> Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.

Art. I, § 14, Fla. Const. Several amendments to the primary statute governing pretrial release and detention in Florida took effect shortly before Defendant's arrest. Among the changes was the addition of a new subsection to section 907.041, now located at section 907.041(5)(d), Florida Statutes.[1] Section 907.041(5)(d) states:

---

[1] This new subsection was added as subsection (4)(d) of Section 907.041 pursuant to a bill signed into law by the Governor on May 1, 2023. Ch. 2023-27, § 4, Laws of Fla. However, another bill signed into law by the Governor on June 12, 2023, but which took effect on October 1, 2023, renumbered subsection (4) as subsection (5). Ch. 2023-225, § 1, Laws of Fla. The statute was later amended again

2

If a defendant is arrested for a dangerous crime that is a capital felony, a life felony, or a felony of the first degree, and the court determines there is probable cause to believe the defendant committed the offense, the state attorney, or the court on its own motion, shall motion for pretrial detention. If the court finds a substantial probability that the defendant committed the offense and, based on the defendant's past and present patterns of behavior, consideration of the criteria in s. 903.046, and any other relevant facts, that no conditions of release or bail will reasonably protect the community from risk of physical harm, ensure the presence of the defendant at trial, or assure the integrity of the judicial process, the court must order pretrial detention.

After Defendant's arrest, the State filed a motion for pretrial detention pursuant to newly enacted section 907.041(5)(d), which the trial court granted after an evidentiary hearing. Both at the hearing and in his petition, Defendant argues that section 907.041(5)(d) violates article I, section 14 of the Florida Constitution in two ways.

Defendant first argues in his petition that section 907.041(5)(d) violates article I, section 14 of the Florida Constitution by stating that under certain circumstances "the state attorney, or the court on its own motion, shall motion for pretrial detention." Defendant believes this new requirement offends article I, section 14 by vitiating a presumption in favor of release for persons charged with first degree felonies not punishable by life. We reject this argument because, among other

---

pursuant to a bill signed into law by the Governor on May 6, 2024. Ch. 2024-157, § 1, Laws of Fla. That amendment was not in effect during the proceeding below.

reasons, while requiring a motion to be filed mandates that a hearing will be held, it does not affect the presumption that applies at the hearing.

Second, Defendant argues that section 907.041(5)(d) impermissibly lowers the burden the State must carry to establish that a defendant should be subject to pretrial detention by requiring the State to prove only a "substantial probability" of the statutory requirements, wherein article I, section 14 requires that "the proof of guilt is evident or the presumption is great." We reject this argument as well because it misreads article I, section 14.

The heightened standard of proof applies only to the first category of persons in article I, section 14—persons charged with a capital offense or an offense punishable by life imprisonment. As explained by the Florida Supreme Court in *State v. Paul*, 783 So. 2d 1042 (Fla. 2001), the Florida Constitution provides:

> two broad categories in which a person charged with a crime could be denied the right to be released on bond: (1) where the person is accused of a capital crime or an offense punishable by life imprisonment where the proof of guilt is evident and the presumption great; or (2) where no condition of release can reasonably protect the community, assure the presence of the accused or assure the integrity of the judicial process.

*Id.* at 1045.

As made plain by the text of article I, section 14 and as explained in *Paul*, only the first category in article I, section 14, specifies a level of proof, i.e., proof of guilt is evident and the presumption great. A level of proof is not specified for the second category in article I, section 14, and we reject Defendant's invitation to read a

4

heightened standard of proof into the second category. *See Israel v. Desantis*, 269 So. 3d 491, 495 (Fla. 2019) ("Where the language of the Constitution is clear, unambiguous, and addresses the matter in issue, then it must be enforced as written, as the constitutional language must be allowed to speak for itself." (quoting *Fla. Soc'y of Ophthalmology v. Fla. Optometric Ass'n*, 489 So. 2d 1118, 1119 (Fla. 1986) (internal quotations omitted))).

Instead, the level of proof required for the second category was set by the Legislature as "substantial probability" long before this current controversy, and "substantial probability" was the level of proof in place when the Florida Supreme Court stated that a prior version of section 907.041, "fully[] comport[ed] with the Florida Constitution." *Paul*, 783 So. 2d at 1052. Accordingly, we also reject Defendant's argument that section 907.041(5)(d) violates article I, section 14 by allowing a basis for pretrial detention to be established by a level of proof lower than "the proof of guilt is evident or the presumption is great."[2]

Nevertheless, we find that the trial court failed to follow the statute, which at all relevant times has required that a trial court's order on a motion for pretrial detention contain both "findings of fact and conclusions of law to support it." § 907.041(5), Fla. Stat. The judge who heard and granted the motion for pretrial

---

[2] In so holding, we recognize Florida Rule of Criminal Procedure 3.132 also sets forth a level of proof lower than "the proof of guilt is evident or the presumption is great" and note that Defendant makes no mention of the rule in his argument.

detention did not make any findings of fact and a second judge who heard and denied Defendant's related motion for pretrial release merely referred to his predecessor's ruling without making any findings based upon the evidence presented to him at the subsequent hearing over which he presided. *See Helveston v. State*, 193 So. 3d 1004, 1005 (Fla. 2d DCA 2016); *L.S. v. State*, 593 So. 2d 296, 297 (Fla. 5th DCA 1992).

Because the trial court did not comply with section 907.041 in granting the State's motion for pretrial detention, we grant Defendant's petition, quash the trial court's orders on the motion for pretrial detention and the motion for pretrial release, and order the trial court to conduct a new hearing on the motion for pretrial detention.

PETITION GRANTED.

NARDELLA and WOZNIAK, JJ., concur.
MIZE, J., concurs and concurs specially, with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED
_____

MIZE, J., concurring specially.

I fully concur in the court's opinion, but I would add a bit more detail to the analysis.

6

**Background and Procedural History**

Prior to January 1, 2024, Section 907.041(5), Florida Statutes, left the decision of whether to seek pretrial detention of a criminal defendant to the State Attorney handling the case, and left the decision of whether to order pretrial detention, even when a basis for pretrial detention was established, to the trial court presiding over the case.[3]  Nothing in the statute required the State Attorney to seek pretrial detention, and Section 907.041(5)(c) provided that a trial court "may" order pretrial detention if it found a substantial probability that any one of certain criteria set forth in the statute was met. § 907.041(5)(c), Fla. Stat. (2023).  The Florida Rules of Criminal Procedure likewise provide the State Attorney handling a criminal case with discretion regarding whether to seek pretrial detention.  Rule 3.132(a) states that "[t]he state may file with the judicial officer at first appearance a motion seeking pretrial detention . . ."  Rule 3.132(b) states that "[a] motion for pretrial detention may be filed at any time prior to trial."

On May 1, 2023, the Governor signed a bill into law that made a number of changes to the statutes governing pretrial detention and release. Ch. 2023-27, Laws of Fla.  The law took effect on January 1, 2024.  Among the changes was the addition

---

[3] Prior to October 1, 2023, subsection (5) of Section 907.041 was numbered as subsection (4). *See* note 4, *infra*.

of a new subsection to Section 907.041, now located at Section 907.041(5)(d).[4]

Section 907.041(5)(d) states:

> If a defendant is arrested for a dangerous crime that is a capital felony, a life felony, or a felony of the first degree, and the court determines there is probable cause to believe the defendant committed the offense, the state attorney, or the court on its own motion, shall motion for pretrial detention. If the court finds a substantial probability that the defendant committed the offense and, based on the defendant's past and present patterns of behavior, consideration of the criteria in s. 903.046, and any other relevant facts, that no conditions of release or bail will reasonably protect the community from risk of physical harm, ensure the presence of the defendant at trial, or assure the integrity of the judicial process, the court must order pretrial detention.

The primary changes resulting from the addition of this provision to Section 907.041 are: (1) if a defendant is arrested for a dangerous crime[5] that is a capital felony, a life felony, or a felony of the first degree, and the trial court determines that there is probable cause to believe that the defendant committed the offense, the State Attorney, or the trial court on its own motion, is now *required* to motion for pretrial detention of the defendant; and (2) when either the State Attorney or the court

---

[4] The bill cited above added this new subsection as subsection (4)(d) of Section 907.041. Ch. 2023-27, § 4, Laws of Fla. However, another bill signed into law by the Governor on June 12, 2023, but which took effect on October 1, 2023, renumbered subsection (4) as subsection (5). Ch. 2023-225, § 1, Laws of Fla. *See* note 3, *supra*. The statute was later amended again pursuant to a bill signed into law by the Governor on May 6, 2024. Ch. 2024-157, § 1, Laws of Fla. That amendment was not in effect during the proceeding below and would not impact this opinion if it had been.

[5] Section 907.041(5)(a) sets forth a list of the crimes that qualify as a "dangerous crime."

motions for pretrial detention under Section 907.041(5)(d), and the court finds a substantial probability that the defendant committed the offense and that no conditions of release or bail will reasonably protect the community from risk of physical harm, ensure the presence of the defendant at trial, or assure the integrity of the judicial process, the court **must** grant the motion for pretrial detention.

On April 11, 2024, Polk County Sheriff's deputies arrested Defendant for the charge of Aggravated Child Abuse. The charge stemmed from injuries Defendant allegedly inflicted upon his stepson ("Stepson"). On April 13, 2024, the State filed a motion for pretrial detention pursuant to Section 907.041(5)(d).[6] At the hearing on the motion, after hearing the evidence presented by the parties, the trial court granted the motion. In his oral ruling, the trial judge stated that "I have no qualms concluding that the State has met its burden." However, he made no specific findings of fact. The judge did not make a specific finding that there was a substantial probability that Defendant committed the offense, or that no conditions of release or bail would reasonably protect the community from risk of physical harm, ensure the presence of Defendant at trial, or assure the integrity of the judicial process.

---

[6] The motion for pretrial detention specifically stated that it was filed pursuant to Section 907.041(5)(d), Florida Statutes.

The judge that heard and decided the State's motion for pretrial detention was not the division judge assigned to the case. After the first judge's ruling granting the motion for pretrial detention, Defendant filed a motion for pretrial release, which was heard by the division judge. At the hearing on the motion for pretrial release, Defendant presented evidence which Defendant argued established that there was not a likelihood that Defendant committed the charged offense. Other than cross-examining a witness presented by Defendant, the State presented no evidence at the hearing. Neither party presented any evidence concerning whether conditions of release or bail would reasonably protect the community from risk of physical harm, ensure the presence of Defendant at trial, or assure the integrity of the judicial process.

At the conclusion of the hearing on the motion for pretrial release, the trial judge denied the motion. In doing so, the trial judge stated that the ruling made by the prior judge on the motion for pretrial detention was "justified factually and legally." The trial judge also stated that there was a "reasonable probability or substantial probability the offense has been committed" and that "there are no reasonable conditions that would protect the community from potential risk of harm." However, it is clear from the transcript that the trial judge was referring to the prior judge's ruling on the motion for pretrial detention and concluding that there was sufficient evidence presented at the first hearing to justify the prior judge's

10

ruling (as opposed to making a new, separate ruling based on evidence presented at the hearing on the motion for pretrial release), as again the State presented no evidence at the second hearing concerning whether Defendant committed the charged offense, and neither party presented any evidence concerning whether conditions of release or bail would reasonably protect the community from risk of physical harm.

Defendant now brings a petition for writ of habeas corpus in this Court and requests that we quash the lower court's orders granting the State's motion for pretrial detention and denying Defendant's motion for pretrial release, and that we direct the trial court to set reasonable conditions of release for Defendant pending his trial.

## Analysis

## I.    Article V, Section 2 of the Florida Constitution

As noted in the court's opinion, Defendant asserts that Section 907.041(5)(d) violates Article V, Section 2 of the Florida Constitution, which states in pertinent part: "The supreme court shall adopt rules for the practice and procedure in all courts . . ." However, that argument is not preserved for our review because Defendant did not raise it in the trial court below. At neither hearing held below nor in any of Defendant's written filings in the trial court did Defendant argue that Section 907.041(5)(d) violates Article V, Section 2. The requirement that a litigant preserve

11

legal arguments for review by an appellate court by asserting those arguments in the trial court applies in pretrial habeas corpus proceedings. *Knight v. State*, 213 So. 3d 1019, 1022 (Fla. 1st DCA 2017). "This requirement affords the trial court an opportunity to resolve the issues without this court's involvement, and—where this court is involved—it provides us with a record of the parties' arguments and the trial court's disposition thereof." *Id*. (quoting *T.L.W. v. Soud*, 645 So. 2d 1101, 1105 (Fla. 1st DCA 1994) (internal quotations omitted)). In reviewing a trial court's order, we must not consider an argument that was never made to and never considered by the trial court. Because Defendant did not argue to the trial court that Section 907.041(5)(d) violates Article V, Section 2 of the Florida Constitution, that argument is not preserved for our review and the court appropriately does not consider it.

## II.    Article I, Section 14 of the Florida Constitution

Defendant did preserve his argument that Section 907.041(5)(d) violates Article I, Section 14 of the Florida Constitution. However, it does not.[7]

Article I, Section 14 provides:

---

[7] While Defendant asserts in his Petition that Section 907.041(5)(d) violates Article I, Section 14 "on its face and as applied to this case," nothing in his actual argument made below or in his Petition concerns the statute's specific application to Defendant's case, as opposed to how the statute applies to all criminal defendants. Defendant's arguments, which are each discussed herein, concern only purported facial constitutional infirmities in the statute. Therefore, I treat Defendant's challenge to the constitutionality of Section 907.041(5)(d) under Article I, Section 14 as a facial challenge and consider only the text of the statute, not the statute's specific application to a particular set of circumstances. *Abdool v. Bondi*, 141 So. 3d

12

Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.

The second sentence of Article 1, Section 14 was added to the Constitution by an amendment effective January 1, 1983, following the passage of a ballot initiative in the election of November 1982. *State v. Paul*, 783 So. 2d 1042, 1045 (Fla. 2001). Following the ratification of the amendment, the Legislature enacted Section 907.041, which "implement[s] the trial court's discretion to impose pretrial detention within the limits of Article 1, Section 14." *Parker v. State*, 843 So. 2d 871, 877 (Fla. 2003) (quoting *Parker v. State*, 780 So. 2d 210, 212 (Fla. 4th DCA 2001) (quoting *Barns v. State*, 768 So. 2d 529, 532-33 (Fla. 4th DCA 2000))). The Florida Supreme Court has described Section 907.041 as containing "detailed and specific criteria for determining when a person may be detained prior to trial" and as constituting a "comprehensive and specific framework setting forth the multiple circumstances under which trial courts may act to deny bail and order pretrial detention." *Paul*, 783 So. 2d at 1052. The Florida Supreme Court further stated that Section 907.041 "fully

529, 538 (Fla. 2014). To succeed on a facial challenge to the constitutionality of a statute, Defendant "must demonstrate that no set of circumstances exists in which the statute can be constitutionally applied." *Id*.

13

comports with the Florida Constitution and has long been the standard by which trial courts have been guided in determining whether to deny bail." *Id.* at 1052; *see also Alcazar v. State*, 349 So. 3d 930, 934 (Fla. 3d DCA 2022) ("The Florida Legislature has provided comprehensive guidelines for when an original application for bail may be denied as codified in section 907.041, Florida Statutes." (quoting *State v. Blair*, 39 So. 3d 1190, 1192 (Fla. 2010) (internal quotations omitted))).

Turning to the addition of Section 907.041(5)(d) to the statute, Defendant makes two arguments in support of his assertion that this new provision violates Article I, Section 14. First, Defendant argues that Section 907.041(5)(d) vitiates the constitutional presumption in favor of pretrial release for a person charged with a first-degree felony that is not punishable by life imprisonment. Defendant asserts that instead, Section 907.041(5)(d) creates a presumption in favor of pretrial detention for such persons by requiring the State Attorney or the trial court to motion for pretrial detention. However, Article I, Section 14 does not mandate any presumption for or against the filing of a motion for pretrial detention, and the mere filing of a motion does not create a presumption that the person will be detained.

Article I, Section 14 provides that a person charged with a crime not punishable by death or life imprisonment must be granted pretrial release on reasonable conditions unless "no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused

14

at trial, or assure the integrity of the judicial process." Section 907.041(5)(d), on its face, does not require or allow a person to be detained unless this exact requirement is affirmatively established by the State[8] and found by the court to be satisfied. The statute tracks the requirement of Article I, Section 14 precisely and requires a court to grant a motion for pretrial detention only when the court finds that this requirement has been established by a substantial probability.

As to a person charged with a crime not punishable by death or life imprisonment, the only presumption mandated by Article I, Section 14 is that the person will be granted pretrial release on reasonable conditions unless "no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process." Section 907.041(5)(d) complies with this presumption to the letter.

Defendant next argues that Section 907.041(5)(d) allowing the basis for pretrial detention to be established by only a "substantial probability" impermissibly lowers the burden the State must carry to establish that a defendant should be subject to pretrial detention. Specifically, Defendant asserts that Article I, Section 14 permits a person charged with a crime to be detained prior to trial only when "the

---

[8] Section 907.041(5)(h) provides that "[t]he state attorney has the burden of showing the need for pretrial detention."

15

proof of guilt is evident or the presumption is great," a standard that is "even higher than the beyond a reasonable doubt standard required to obtain a conviction at trial." *Thourtman v. Junior*, 338 So. 3d 207, 212 (Fla. 2022). While Defendant acknowledges that this heightened standard of proof is contained only in the first prong of Article I, Section 14 pertaining to persons charged with a capital offense or an offense punishable by life imprisonment, he asserts that "it makes no sense that the State should be permitted any easier means of securing his detention for a first-degree felony than it would for a capital, life or punishable by life felony."

We interpret Article I, Section 14 according to its text, not according to what Defendant thinks "makes sense." *See Israel v. Desantis*, 269 So. 3d 491, 495 (Fla. 2019) ("Where the language of the Constitution is clear, unambiguous, and addresses the matter in issue, then it must be enforced as written, as the constitutional language must be allowed to speak for itself." (quoting *Fla. Society of Ophthalmology v. Fla. Optometric Ass'n*, 489 So. 2d 1118, 1119 (Fla. 1986) (internal quotations omitted))). By its plain language, Article I, Section 14 creates two separate and independent exceptions to the right of an accused to pretrial release. *See Alcazar*, 349 So. 3d at 934 (discussing the two distinct exceptions); *Thourtman v. Junior*, 275 So. 3d 726, 731 (Fla. 3d DCA 2019), *approved*, 338 So. 3d 207 (Fla. 2022) (same).

16

The first exception is contained in the first sentence and applies only "when a person is charged with a crime punishable by capital punishment or life imprisonment, and the State can demonstrate 'the proof of guilt is evident or the presumption is great.'" *Alcazar*, 349 So. 3d at 934 (quoting *Thourtman*, 275 So. 3d at 731). The second exception applies any time a defendant is charged with a crime and "no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process." Art. I, § 14, Fla. Const. This exception contains no limitation on the crimes to which it applies – and it therefore applies to any crime with which a defendant may be charged, not just crimes punishable by death or life imprisonment. *See id.*

Article I, Section 14 does not specify the level of proof by which its second exception must be established. However, prior to the addition of subsection (5)(d) to Section 907.041, the statute already permitted a defendant to be detained prior to trial if a court found by a substantial probability that a basis for pretrial detention existed. § 907.041(5)(c), Fla. Stat. (2023).[9] This is the standard of proof that was in place to decide a motion for pretrial detention when the Florida Supreme Court conducted a detailed analysis of Section 907.041 and stated it "fully comports with

---

[9] Prior to October 1, 2023, this subsection was numbered as Section 907.041(4)(c). *See* note 4, *supra*.

17

the Florida Constitution and has long been the standard by which trial courts have been guided in determining whether to deny bail." *Paul*, 783 So. 2d at 1052. Additionally, applying the second exception in Article I, Section 14, the Florida Supreme Court has specifically held that a defendant's pretrial release can be revoked, and thereby denied from that point on, upon a trial court finding "probable cause" that the defendant committed a new crime while on pretrial release.[10] *Parker*, 843 So. 2d at 878-79. Probable cause is a lower standard of proof than "substantial probability." *Id*. at 879. If probable cause is a sufficient standard of proof for denying a defendant pretrial release under Article I, Section 14, then the higher standard of "substantial probability" likewise must be sufficient.

For these reasons, I reject Defendant's argument that Section 907.041(5)(d) violates Article I, Section 14 by allowing a basis for pretrial detention to be established by a "substantial probability."

---

[10] The Florida Supreme Court found that Section 903.0471, which allows a trial court, on its own motion, to "revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release," properly implements the third criterion of the second exception in Article I, Section 14, which is that a defendant may be denied pretrial release if necessary to "assure the integrity of the judicial process." *Parker*, 843 So. 2d at 878. The Court reasoned that "the commission of a crime by a pretrial releasee unquestionably impugns the integrity of the judicial process." *Id*.

18

## III. The trial court's compliance with Section 907.041

The amendment to Section 907.041 did not change the requirements for a trial court's order granting a motion for pretrial detention. As it did before the amendment, the statute provides:

> The pretrial detention order of the court shall be based solely upon evidence produced at the hearing and shall contain findings of fact and conclusions of law to support it. The order shall be made either in writing or orally on the record. The court shall render its findings within 24 hours of the pretrial detention hearing.

§ 907.041(5)(*l*), Fla. Stat. (2024)[11]; § 907.041(5)(i), Fla. Stat. (2023)[12]. Florida Rule of Criminal Procedure 3.132(c)(2) contains the same requirements. *See also Lax v. Marceno*, 2023 WL 2619523, at *1 (Fla. 6th DCA Mar. 24, 2023).

Defendant is correct that the trial court did not comply with these requirements in granting the State's motion for pretrial detention. A trial court's order on a motion for pretrial detention must contain both "findings of fact and conclusions of law to support it." § 907.041(5)(*l*), Fla. Stat. (2024)[13]. The judge that heard and granted the motion for pretrial detention did not make any findings of fact. While the

---

[11] From January 1, 2024 to May 5, 2024, which is the time period during which the hearing on the motion for pretrial detention was conducted below, this provision was numbered as Section 907.041(5)(k). Effective May 6, 2024, this provision is now numbered as Section 907.041(5)(*l*). The text of the provision remains the same.

[12] Prior to October 1, 2023, this provision was numbered as Section 907.041(4)(i). *See* note 4, *supra*. From October 1, 2023 to December 31, 2023, this provision was numbered as Section 907.041(5)(i).

[13] *See* note 11, *supra*.

generalized statement that, "I have no qualms concluding that the State has met its burden" may constitute a conclusion of law, it is not a finding of fact that there is a substantial probability that Defendant committed the charged offense. It is certainly not a finding of fact that no conditions of release or bail will reasonably protect the community from risk of physical harm, ensure the presence of Defendant at trial, or assure the integrity of the judicial process.

The trial judge that denied the motion for pretrial release stated that there was a "reasonable probability or substantial probability the offense has been committed" and that "there are no reasonable conditions that would protect the community from potential risk of harm." However, as noted above, the transcript makes clear that the judge was referring to the prior judge's ruling on the motion for pretrial detention and concluding that there was sufficient evidence presented at the first hearing to justify the prior judge's ruling. The second judge was not making findings based on the evidence presented at the hearing on the motion for pretrial release over which he presided. In this context, the second judge could not make factual findings based on evidence presented at a hearing over which he did not preside and at which he was not present. *See Helveston v. State*, 193 So. 3d 1004, 1005 (Fla. 2d DCA 2016); *L.S. v. State*, 593 So. 2d 296, 297 (Fla. 5th DCA 1992).

It does not appear that the second judge was purporting to make findings based on evidence presented at the hearing on the motion for pretrial release over which

he presided. But if he was, there would have been no competent, substantial evidence to support those findings because the State presented no evidence at the second hearing concerning whether Defendant committed the charged offense, and neither party presented any evidence at that hearing concerning whether conditions of release or bail would reasonably protect the community from risk of physical harm. *See* § 907.041(5)(h), Fla. Stat. (2024) ("The state attorney has the burden of showing the need for pretrial detention."); *Alcazar*, 349 So. 3d at 932 ("We review the trial court's factual determinations under an abuse of discretion standard and look to determine whether competent substantial evidence exists in the record to support the trial court's findings of fact.").

In sum, no hearing occurred in this case in which a judge heard evidence on the issues material to the motion for pretrial detention and then made a ruling based on that evidence that complied with Section 907.041(5)(*l*).[14] Defendant is correct that the trial court did not comply with the statute.

### Conclusion

The court properly did not consider Defendant's argument that Section 907.041(5)(d) violates Article 5, Section 2 of the Florida Constitution because Defendant did not make that argument to the trial court below and it is not preserved for our review. Having considered Defendant's remaining arguments, I agree with

---

[14] *See* note 11, *supra*.

21

the court's conclusion that Section 907.041(5)(d) does not violate Article I, Section 14 of the Florida Constitution.  However, Defendant is correct that the trial court did not comply with Section 907.041 in granting the State's motion for pretrial detention.  Accordingly, I concur in the court's decision to grant Defendant's petition, quash the trial court's orders on the motion for pretrial detention and the motion for pretrial release, and order the trial court to conduct a new hearing on the motion for pretrial detention.

———————————————————————

J. Jervis Wise and Bjorn E. Brunvand, of Brunvand Wise, P.A., Clearwater, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Respondent, State of Florida.

No Appearance for Respondent, Grady Judd, Sheriff of Polk County.